850 F.2d 356
 47 Fair Empl.Prac.Cas. 130,
46 Empl. Prac. Dec. P 38,058, 47 Ed. Law Rep. 495
 Betty Lou COBB, Appellant,
v.
William STRINGER, Superintendent of Schools of the Ashdown
School District No. 31 of Little River County, Ashdown,
Arkansas, in his official capacity, and Anne Douglas, Helen
Russell and Floyd White, members of the Board of Education,
individually and in their official capacities, and Sonny
Cobb, member of the Board of Education in his official
capacity and Mickey Lewis, member of the Board of Education
individually and in his official capacity, Appellees (Two Cases).
 Nos. 87-1498, 87-1883.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 18, 1988.
Decided June 21, 1988.
 
 John Walker, Little Rock, Ark., for appellant.
 Jim Hunter Birch, Little Rock, Ark., for appellees.
 Before HEANEY, and JOHN R. GIBSON, Circuit Judges, and HENLEY, Senior Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Plaintiff Betty Lou Cobb appeals from a judgment of the district court dismissing her Title VII employment discrimination suit. The dismissal was predicated on a finding that Cobb's charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC) was untimely. Cobb also argues that the district court erroneously dismissed a pendent state cause of action brought pursuant to the Arkansas Teacher Fair Dismissal Act, Ark.Code Ann. Secs. 6-17-1501--1510, that she asserts was alleged in her complaint. She does not appeal the dismissal of a Sec. 1983 action, 42 U.S.C. Sec. 1983, which was alleged in her complaint. We affirm in part and reverse in part.
 
 
 2
 Cobb has been employed by the Ashdown Public School System as a teacher since 1964. In 1983 she was appointed to the position of kindergarten principal. On March 28, 1984 the Board of Education, citing budgetary reasons, eliminated Cobb's principal position. Cobb was reassigned to a teaching position for the next academic year. On the same day Cobb was demoted, the School Board voted to renew Jimmy Tankersley's contract as an assistant principal at a junior high school in the Ashdown School District. Tankersley was initially hired for this position in 1982.
 
 
 3
 Following her demotion Cobb requested a hearing before the School Board. While the Board declined to schedule a hearing during its regular meeting in July, a special meeting was granted for July 30, 1984. In the interim, Cobb visited an attorney who advised her of the possibility of filing a complaint with the EEOC if the results of the Board meeting were unfavorable.
 
 
 4
 Apparently no action was taken as a result of the special School Board meeting, and on September 7, 1984 Cobb met with EEOC officials. Following an interview lasting more than four hours, Cobb filed a charge of sex discrimination with the EEOC. The charge indicated the most recent date of discrimination as "School Year 1983/1984." The gravamen of the September 7 charge (and as amended on September 26, 1984) was that beginning in 1982 the Ashdown Public School System denied Cobb the opportunity to apply for administrative positions by not advertising positions that became available and by hiring less qualified males through word of mouth recruitment. Specifically, Cobb alleges that Tankersley did not meet the minimum requirements when he was hired in 1982 and continued to be unqualified throughout the 1983/1984 school year.
 
 
 5
 On October 29, 1984 Cobb filed an amended charge of discrimination with the EEOC. In this amended charge Cobb included the fact that she had been demoted from kindergarten principal and alleged that the budgetary explanation given for this School Board action was a pretext for discriminatory action based on Cobb's sex. Still later in 1984 Cobb filed her final amended charge with the EEOC, in which she expanded on the allegations made in her earlier charges.
 
 
 6
 On November 7, 1984 the EEOC dismissed Cobb's charge of discrimination as untimely and issued her a notice of right to sue. Cobb commenced this action by filing her complaint in district court on February 5, 1985. After Cobb's complaint was thrice amended, the district court, on appellees' motion,[1] dismissed Cobb's complaint. 660 F.Supp. 1133, 1138 (W.D.Ark. 1987). Thereafter Cobb brought a motion pursuant to Fed.R.Civ.P. 60(b) to submit newly obtained evidence. The motion was denied and this appeal followed.[2]
 
 
 7
 A charge of discrimination must be filed with the EEOC within one hundred eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. Sec. 2000e-5(e). Timely filing with the EEOC is a prerequisite to the later commencement of a civil action in federal court similar in nature to a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982).
 
 
 8
 Our inquiry centers on the question whether the charge of discrimination as subsequently amended by Cobb was timely. The district court found Cobb's first charge of discrimination (filed within one hundred sixty days of her March 28 demotion) was untimely because none of the events alleged occurred within the past one hundred eighty days. The district court found her second amended charge of discrimination filed October 29, in which she first mentions her demotion, untimely because it was filed two hundred fourteen days after the demotion. While arguably the matter may not be free from doubt, we disagree with the district court's decision for two separate reasons.
 
 
 9
 First, Cobb's September 7 charge filed with the EEOC adequately and timely alleges sex discrimination in the March 28, 1984 renewal of Tankersley's contract as assistant principal. The initial charge of discrimination contained the following allegations:
 
 
 10
 Since 1982 and continuing I [Betty Cobb] have been denied the opportunity to apply for an administrative position of Assistant Principal.
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 I believe I have been discriminated against because of my sex, female, inasmuch as:
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 b. Respondent [Ashdown Public School] selected a male who did not meet the minimum requirement in 1982/1983....
 
 
 17
 c. I was qualified for the position....
 
 
 18
 * * *
 
 
 19
 * * *e. Superintendent Lewis has and continues to recruit by word of mouth less qualified males for administrative positions.
 
 
 20
 (Emphasis supplied.)
 
 
 21
 The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit. Alexander v. Gardner-Denver Co., 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974); Vaught v. R.R. Donnelley & Sons Co., 745 F.2d 407, 411-12 (7th Cir.1984). Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII. E.E.O.C. v. Michael Construction Co., 706 F.2d 244, 248 (8th Cir.1983), cert. denied, 464 U.S. 1038, 104 S.Ct. 698, 79 L.Ed.2d 164 (1984). Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC "investigation which could reasonably be expected to grow out of the charge of discrimination." Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir.1985). Further, a charge of discrimination may be amended "to clarify and amplify allegations made therein. Such amendments ... will relate back to the date the charge was first received." 29 C.F.R. Sec. 1601.12(b). Such amendments may also include "additional acts." Id.
 
 
 22
 Cobb's original charge plainly gave notice that she believes appellees' process of choosing administrative personnel to be sexually discriminatory and that that process continued through the 1983/1984 school year. Therefore, one could reasonably expect that an EEOC investigation, if one had occurred, would have encompassed the March 28, 1984 rehiring of Tankersley. In the alternative, Cobb's subsequent amendments to her charge of discrimination allege sexual discrimination in the rehiring of Tankersley, and the subsequent amendments "clarify and amplify" her original allegation of discrimination and therefore relate back to September 7. Because both these circumstances raise issues of material fact, the district court erred in granting appellees' motion for summary judgment.
 
 
 23
 The second aspect of Cobb's Title VII action is her demotion from kindergarten principal to classroom teacher. Cobb's lengthy narrative affidavit in opposition to appellees' motion alleges that she spoke with EEOC personnel for approximately four hours. Cobb alleges that in the course of the conversation she discussed how the Board removed her from the kindergarten principalship. Cobb further alleges that the EEOC assisted her in drafting her charge of discrimination and advised her that everything could not be included in the initial complaint because of the complexity, but that the charge could be later amended. Cobb therefore argues that, because the EEOC had knowledge of her demotion at the time she initially filed her charge of discrimination, her September 7 charge should be construed to contain that allegation.
 
 
 24
 The regulations promulgated by the EEOC specifically require the charge to be in writing. 29 C.F.R. Sec. 1601.9. The type of writing that will satisfy the filing requirement has been interpreted liberally by the courts. 8 BNA Labor Relations Reporter, Fair Employment Practice Manual 431:16; see Kammer v. NBC, 37 F.E.P. Cases 1293, 1296 (S.D.N.Y.1984) (letter written by counsel may serve as an amendment; court also indicates that statements made at fact-finding conference may serve to amend the charge). Here, however, the record does not indicate that Cobb filed with the EEOC within the one hundred eighty day period any writing alleging her demotion to be a discriminatory act.[3]
 
 
 25
 By regulation the EEOC has accepted responsibilities beyond the mere acceptance of written charges of discrimination filed by claimants.
 
 
 26
 The Commission shall receive information concerning alleged violations of Title VII from any person. Where the information discloses that a person is entitled to file a charge with the Commission, the appropriate office shall render assistance in the filing of a charge.
 
 
 27
 29 C.F.R. Sec. 1601.6 (emphasis added).
 
 
 28
 In McKee v. McDonnell Douglas Technical Services Co., 700 F.2d 260 (5th Cir.1983), the court determined that if the EEOC turned away a complainant from filing a timely Title VII charge despite EEOC's self-assumed duty under Sec. 1601.6 to render assistance, equitable tolling would apply to excuse a subsequent filing outside the one hundred eighty day limit. Id. at 263-64; see Vinson v. Ford Motor Co., 806 F.2d 686, 689 (6th Cir.1986) (Merritt, J., dissenting) (mentioning demotion in personal interview statement with EEOC should constitute filing), cert. denied, --- U.S. ----, 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987); Hicks v. Abt Associates, Inc., 572 F.2d 960, 964 (3d Cir.1978) (genuine issue of material fact existed whether EEOC improperly refused to accept an amendment); cf. Zalewski v. M.A.R.S. Enterprises, Ltd., 561 F.Supp. 601, 605 (D.Del.1982) (complainant who told intake clerk of alleged claim of sexual harassment, but asked that it not be included in the charge, cannot thereafter bring suit in federal court on that basis). The McKee court cited with approval an opinion by this court which states, "[a]n uncounseled plaintiff should not be penalized for the EEOC's mistake of law." Jennings v. American Postal Workers Union, 672 F.2d 712, 715 (8th Cir.1982).
 
 
 29
 Cobb's affidavit in opposition to appellees' motion for summary judgment avers that she fully detailed to the EEOC the difficulties she had encountered in her employment, including the circumstances of her demotion. Cobb further alleges that the EEOC employee conducting the initial interview affirmatively advised her what should be included in her initial charge of discrimination and that any omissions could be cured by later amendment. In these circumstances, we believe that Cobb raised a material factual issue of whether her initial visit to the EEOC tolled the filing requirement as to her demotion, making the subsequent amendment timely.[4] Accordingly, the district court erred in granting summary judgment.
 
 
 30
 Cobb also appeals from the district court's alleged dismissal of her "pendent state claim" that she was denied her statutory due process when she was demoted. The basis for this claim is the Teacher Fair Dismissal Act of 1983. Ark.Code Ann. Secs. 6-17-1501--1510. Cobb, however, has never alleged in any of her three complaints filed in this action that she had a pendent state claim based on the Teacher Fair Dismissal Act. Cobb only alleged violations of Title VII and 42 U.S.C. Sec. 1983. At this late date we will not allow Cobb to convert her Sec. 1983 allegations into a pendent state claim.
 
 
 31
 The judgment of the district court dismissing Cobb's Title VII claim is reversed and the case remanded for further proceedings consistent with this opinion. In all other respects, the decision of the district court is affirmed.
 
 
 
 [1]
 Appellees' motion was entitled "Motion to Dismiss Complaint and/or for Partial Summary Judgment." Because matters outside the pleadings were considered, the motion is to be treated as one for summary judgment. Fed.R.Civ.P. 12(c). Accordingly, throughout the remainder of this opinion we refer to the motion as a motion for summary judgment
 
 
 [2]
 It is unnecessary for us to decide whether the district court erred in denying Cobb's Rule 60(b) motion
 
 
 [3]
 In her brief appellant argues that a fair reading of her initial charge would include her demotion. We have carefully reviewed the record and agree with the district court's assessment that Cobb did not allege her demotion until her amended charge of discrimination filed October 29, 1984
 
 
 [4]
 Appellees argue that Cobb did not allege her demotion as a discriminatory act in her original complaint and cannot now raise it for the first time on appeal. Cobb's complaint does, however, allege her demotion and avers that it is somehow related to the Tankersley situation. We reject appellees' argument that the demotion incident is being raised for the first time on appeal