945 F.Supp. 1235 (1996)
Margaret NICHOLS, Plaintiff,
v.
AMERICAN NATIONAL INSURANCE COMPANY, Defendant.
No. 4:95CV1630 JCH.
United States District Court, E.D. Missouri, Eastern Division.
October 15, 1996.
*1236 Timothy J. Phillips, Tamara L. Cummings, Associate, Phillips and Phillips, St. Louis, MO, for Margaret Nichols.
*1237 Fred A. Ricks, Jr., Associate, McMahon and Berger, St. Louis, MO, for American National Ins. Co.

MEMORANDUM AND ORDER
HAMILTON, Chief Judge.
This matter is before the Court on Defendant American National Insurance Company's Motion to Strike, or in the Alternative, to Dismiss, filed December 1, 1995. Because the Court considered information contained in affidavits and exhibits presented in connection with the motion to dismiss, the motion will instead be viewed as one for summary judgment.[1]

BACKGROUND
Plaintiff Nichols instituted this action on August 28, 1995. Plaintiff's Complaint is in seven (7) Counts. Count I alleges Plaintiff was discriminated against because of her sex, female, and that she is entitled to relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). In Count II, Plaintiff alleges a claim of sexual harassment and asks for relief again pursuant to Title VII. In Count III, Plaintiff alleges a breach of contract claim. In Count IV, Plaintiff alleges a breach of a covenant of good faith and fair dealing. In Count V, Plaintiff alleges a claim of tortious interference with business expectancy. In Count VI, Plaintiff alleges a claim for intentional infliction of emotional distress, and in Count VII, Plaintiff alleges a claim for punitive damages based on her Title VII claims. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 1).
On December 1, 1995 Defendant filed its Motion for Summary Judgment with respect to portions of Plaintiff's Complaint. In such motion, Defendant presented the following claims:
1. Counts I and II of Plaintiff's Complaint must be dismissed because she failed to file a timely charge with the Equal Employment Opportunity Commission ("EEOC"), and therefore her claims are barred. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 4).
2. Plaintiff's allegations of discriminatory hiring and promotional practices, as well as her sexual harassment allegations in Counts I and II, must be stricken or dismissed because Plaintiff's allegations are not like or related to the substance of Plaintiff's EEOC charge. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 8).
3. Plaintiff's claim for punitive damages in Count VII must also be stricken or dismissed, because it is based on allegations in Counts I and II that must be stricken or dismissed. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 13).
Plaintiff filed her Response to Defendant's Motion for Summary Judgment on January 17, 1996, and Defendant filed its Reply to such Response on January 29, 1996. Plaintiff filed further supporting affidavits on March 11, 1996.

SUMMARY JUDGMENT STANDARD
The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.
A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there *1238 is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 247, 106 S.Ct. at 2509-10. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256, 106 S.Ct. at 2514.
In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Id. at 255, 106 S.Ct. at 2513-14. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249, 106 S.Ct. at 2509-10.

ANALYSIS
As stated above, Defendant presented three separate claims in its Motion for Summary Judgment. The Court will address each of Defendant's allegations in turn.

I. Counts I and II of Plaintiff's Complaint must be dismissed because Plaintiff failed to file a timely charge with the EEOC, and therefore her claims are barred.
In its Motion, Defendant alleges that the accrual date, or date on which the time period for filing a charge with the EEOC begins to run, is the date the adverse employment action is communicated to the employee. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 6, citing Dring v. McDonnell Douglas, 58 F.3d 1323, 1330 (8th Cir.1995)). Defendant further asserts that although the communicating party in the present case is the employee rather than the employer, the principle is the same. (Id. at 6).
According to Defendant, Plaintiff communicated her intention to resign, effective the end of the month, no later than January 8, 1993. (Id. at 5). Defendant further asserts that by January 15, 1993, Plaintiff had specified her resignation date of January 22, 1993.[2] (Id. at 6). Defendant therefore maintains that the accrual date for Plaintiff's EEOC charge should be either January 8 or January 15, 1993.
In response, Plaintiff first alleges that the accrual date should be the date of her actual resignation,[3] rather than the date upon which she communicated an intention to resign. (Plaintiff's Response, PP. 2-3, citing Greene v. Carter Carburetor Co., 532 F.2d 125 (8th Cir.1976)). Alternatively, Plaintiff asserts that should the Court hold the accrual date to be the date Plaintiff informed Defendant of her intent to resign, a question of fact nevertheless remains regarding such notification date. (Plaintiff's Response, P. 9). Plaintiff states that, "... at no time up until and including January 8, 1993, did I communicate to Bob Coates an intent to resign from the company." (Plaintiff's Affidavit, ¶ 3). Plaintiff thus alleges that for purposes of this summary judgment motion, the accrual date may not be viewed as January 8, 1993.
The Supreme Court addressed the issue of accrual date in the context of a Title VII claim in Delaware State College v. Ricks. Specifically, the Court considered:
... whether a cause of action for discrimination accrued when the plaintiff, a college professor, was denied tenure, allegedly on discriminatory grounds, or when his employment contract expired a year later. The Court held that the statute began to run once the denial of tenure, the allegedly unlawful act, was communicated to the plaintiff.
Dring v. McDonnell Douglas Corp., 58 F.3d at 1327-8 (citing Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S.Ct. 498 (1980)). Under such reasoning, the Eighth Circuit in Dring held, "[t]hus, the accrual *1239 date is simply the date on which the adverse employment action is communicated to the plaintiff." Dring v. McDonnell Douglas Corp., 58 F.3d at 1328.
This Court therefore holds that the proper accrual date is the date on which Plaintiff communicated her intent to resign, rather than the date of her actual resignation. As a result, the Court must next decide the date on which Plaintiff communicated such intent.
As stated above, Plaintiff asserts in her Affidavit that at no time up to and including January 8, 1993 did she communicate an intent to resign from the company. Plaintiff further alleges that she was not shown, nor was she aware of the non-productivity reports prepared on January 8 and 15. (Plaintiff's Affidavit, ¶¶ 3, 4). In order to defeat a motion for summary judgment, "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the `depositions, answers to interrogatories, and admissions on file,' designate `specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. at 324, 106 S.Ct. at 2553 (emphasis added). In the present case Plaintiff did produce evidence, in the form of her own affidavit, that went beyond the mere pleadings. The Court thus finds that because Plaintiff may be able to prove her allegations at trial, Plaintiff has presented a genuine issue with respect to whether Plaintiff spoke of her intent to resign before (or on) January 8, 1993.
In her Response, however, Plaintiff fails to rebut Defendant's assertion that Plaintiff communicated her intent on or before January 15, 1993.[4] The Court finds Defendant's evidence compelling on this point,[5] and therefore holds that Plaintiff in fact communicated her intent to resign on or before January 15, 1993.
Once the accrual date is determined, "... federal law requires that, before a plaintiff may sue an employer under [Title VII], he or she must file a charge with the EEOC within 180 days of the `alleged unlawful practice.' 29 U.S.C. § 626(d). Because Missouri also has a law prohibiting [gender] discrimination, the time to file a charge with the EEOC is extended to 300 days." Dring v. McDonnell Douglas Corp., 58 F.3d at 1327. Therefore, because the accrual date for Plaintiff's charge was January 15, 1993, in the absence of extenuating circumstances Plaintiff's EEOC charge, filed November 15, 1993, was not timely filed.[6]
One exception found to toll the statute of limitations was articulated in Satz v. ITT Financial Corp., 619 F.2d 738 (8th Cir. 1980). The Court in Satz held that, "[w]here ... discrimination is not limited to isolated incidents but pervades a series or pattern of events which continue to within [300] days of the filing of the charge with the (EEOC), the filing is timely ... regardless of when the first discriminatory incident occurred." Satz v. ITT Financial Corp., 619 F.2d at 744 (citing Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 473 (D.C. Cir.1976), cert. denied, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978)). Thus, if Plaintiff can establish that Defendant engaged in a pattern of discrimination, her filing with the EEOC was timely so long as some of the discriminatory acts occurred within 300 days of her filing.
In her Response, Plaintiff alleges that Defendant did engage in a pattern of unequal treatment and sexual harassment, and thus her resignation actually constituted a constructive firing. "A constructive discharge exists when an employer deliberately renders the employee's working conditions intolerable and thus forces him to quit his job." Slotkin *1240 v. Human Development Corp., 454 F.Supp. 250, 255 (E.D.Mo.1978) (citations omitted). Plaintiff's Complaint, Response and Affidavit contain numerous allegations of intolerable working conditions, and because the Court must view the facts in the light most favorable to Plaintiff, it holds for purposes of this motion that as a result of the hostile work environment created by Defendant, Plaintiff was constructively discharged.
When an employer is accused of an ongoing practice, such as creating the hostile work environment that allegedly precipitated Plaintiff's resignation, and such practice began prior to the statute of limitations period, a Plaintiff's claim may nevertheless be timely under the "continuing violation" doctrine. Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164, 167 (8th Cir.1995). Thus, "[t]he employee may challenge ongoing discriminatory acts even if similar illegal acts could have been challenged earlier and are thus time-barred. `[T]he critical question is whether a present violation exists.'" Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d at 167-8 (citations omitted).[7]
For Plaintiff, the question of whether any "present violations" exist addresses whether any acts of discrimination took place after January 15, 1993. Defendant contends that because Plaintiff was on vacation from January 11 through January 22, 1993, no discriminatory acts could possibly have occurred after January 15. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 7). Plaintiff conversely alleges that although she sought vacation time for the last week of her employment, she actually worked during the week of January 18, 1993. (Plaintiff's Response to Defendant's Motion for Summary Judgment, PP. 6-7). In her supplemental affidavit, Plaintiff asserts that the discrimination and harassment continued during such week as follows:
1. During the week beginning January 18, 1993, Bob Coates repeatedly called my home. I heard him ask questions such as "where have you been," "what are you doing now," "what time will you be home," and "are you working." The tone of his voice was sarcastic, condescending and threatening.
2. Also during the week of January 18, 1993, Bob Coates personally came to my home ... I heard him say that I would continue to be a failure unless I changed my ways. The tone of his voice was sarcastic, condescending and harassing ...
3. I was paid straight time for the week which ran from January 18, 1993. However, my paycheck was withheld ... When I asked Mr. Coates why he had withheld my check, I heard him say "I can do whatever I want."
(Plaintiff's Supplemental Affidavit, ¶¶ 1-3). Defendant denies that such incidences occurred, and further states that because "during the week of January 18" does not necessarily mean the acts occurred after January 19, the critical date for Plaintiff's EEOC claim, the acts are nevertheless barred by the applicable statute of limitations.
As stated above, in order to defeat a motion for summary judgment, "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, ... designate `specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. at 324, 106 S.Ct. at 2553 (emphasis added). Plaintiff here has produced evidence, in the form of her own affidavit, that the discrimination continued until after January 19, 1993. Again, the Court must view the facts in the light most favorable to the nonmoving party, Anderson v. Liberty Lobby, Inc., 477 U.S. at 255, 106 S.Ct. at 2513-14, and therefore holds that for purposes of this motion the last act of discrimination occurred after January 19, 1993, and Plaintiff's claim with the EEOC was timely filed.
The Court must next address whether, should Plaintiff successfully prove a pattern of sexual harassment constituting a hostile work environment, she may recover *1241 damages for the entire period that this violation occurred, including any portion that occurred more than 300 days before she filed her charge of discrimination with the EEOC. Gipson v. KAS Snacktime Co., 83 F.3d 225, 230 (8th Cir.1996). The Eighth Circuit addressed this issue in Ashley v. Boyle's Famous Corned Beef Co., holding that, "[r]elief back to the beginning of the limitations period strikes a reasonable balance between permitting redress of an ongoing wrong and imposing liability for conduct long past." Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d at 168 (citing Hanover Shoe Inc. v. United Shoe Mach. Corp., 392 U.S. 481, 502 & n. 15, 88 S.Ct. 2224, 2236 & n. 15, 20 L.Ed.2d 1231 (1968)); Gipson v. KAS Snacktime Co., 83 F.3d at 230. Therefore, although the Court will allow Plaintiff's claim to stand as timely filed, she may only pursue relief for conduct which occurred on or after January 19, 1993.

II. Plaintiff's allegations of discriminatory hiring and promotional practices as well as her sexual harassment allegations in Counts I and II must be stricken or dismissed because Plaintiff's allegations are not like or related to the substance of her EEOC charge.
Defendant next contends that because Plaintiff alleged only discrimination based on gender in her EEOC charge, the allegations in her Complaint concerning discriminatory hiring and promotional practices, as well as sexual harassment, must be dismissed as unrelated.[8]
In Cobb v. Stringer, the Eighth Circuit held that, "[t]he purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit." Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir.1988) (citations omitted); Combs v. C.A.R.E., Inc., 617 F.Supp. 1011, 1012 (E.D.Ark.1985) ("Title VII envisions that the EEOC will have had the opportunity to obtain voluntary compliance before an issue becomes the subject of a civil suit"). "Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." Cobb v. Stringer, 850 F.2d at 359 (citations omitted). "Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC `investigation which could reasonably be expected to grow out of the charge of discrimination.'" Id. (citations omitted). See also, Riley v. Technical and Management Serv. Corp., Inc., 872 F.Supp. 1454, 1459 (D.Md.1995) ("Courts may only exercise jurisdiction over claims encompassed within the EEOC charge and claims `like or related to allegations contained in the charge, or which grow out of such allegation'") (citations omitted).
In the present case, Defendant asserts that Plaintiff's claims of discriminatory hiring and promotion practices and sexual harassment are not sufficiently related to her EEOC charge. Plaintiff responds, however, that because her charge was one of constructive discharge, rather than mere termination, "an EEOC investigation into the underlying discriminatory and harassing conditions of employment which lead to her resignation could reasonably be expected to `grow' from the EEOC charge." (Plaintiff's Response to Defendant's Motion for Summary Judgment, P. 12).
In support of this allegation, Plaintiff notes that the EEOC investigation did in fact delve into the particulars of Plaintiff's working conditions. (Plaintiff's Response to Defendant's Motion for Summary Judgment, P. 12). Plaintiff offers as proof two letters that she wrote detailing her experiences, both of which were incorporated into the EEOC's investigative file. (Id., Exhs. F, G; Supporting Affidavit of Maria Schulte (EEOC Investigator), ¶¶ 6, 7). Plaintiff further offers the testimony of the EEOC investigating officer, as follows:
8. After I was assigned to the Nichols charge I interviewed Nichols. She told me *1242 that she was treated differently than men in the terms and conditions of her employment, including that she was sexually harassed, denied promotions, given less desirable or problem accounts which resulted in less pay than men, and that this discriminatory treatment compelled her to resign. 9. I informed Respondent (Defendant) of the specifies of Nichols' claims and requested its position and information and documents relevant to Nichols' allegations ... A copy of Respondent's reply, without the enclosures which number over 200 pages, is attached as Exhibit E.
(Affidavit of Maria Schulte, ¶¶ 8, 9).
The Eighth Circuit has held that an EEOC charge is sufficient to support a civil suit for any discrimination stated in the charge or developed during a reasonable investigation of the charge, "so long as the additional allegations of discrimination are ... subject to a conciliation proceeding." EEOC v. Delight Wholesale Co., 973 F.2d 664, 668-9 (8th Cir.1992) (citations omitted). The testimony of EEOC investigator Maria Schulte, together with the attached letter sent by the EEOC to Defendant, are sufficient to present a genuine issue as to whether Plaintiff's claims of sexual harassment and discriminatory hiring and promotion practices were both developed during a reasonable investigation of her charge and subject to conciliation proceedings with Defendant. Defendant's motion for summary judgment with respect to such charges must therefore be denied.

III. Count VII of Plaintiff's Complaint which seeks punitive damages is based on allegations in Counts I and II which must be stricken or dismissed, and therefore must be stricken or dismissed as well.
In light of the above discussion, the Court holds that all allegations concerning events which occurred more than 300 days before Plaintiff filed her EEOC charge are hereby stricken from her claims for punitive damages. However, Plaintiff's punitive damages claims concerning sexual harassment and discriminatory hiring and promotion practices will remain.

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment on the basis that Plaintiff's EEOC charge was not timely filed (Docket # 11) is DENIED.
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment with respect to Plaintiff's claims of sexual harassment and discriminatory hiring and promotion practices (Docket # 11) is DENIED.
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment with respect to Plaintiff's claims for punitive damages (Docket # 11) is GRANTED in part and DENIED in part.
NOTES
[1] The motion will hereinafter be referred to as Defendant's Motion for Summary Judgment.
[2] Defendant supports its allegations with Exhibits K and L to its Motion for Summary Judgment. Exhibit K consists of a Non-Productivity Report regarding Plaintiff, dated January 8, 1993. In such report, the district manager writes, "Agent is leaving the end of month." Exhibit L similarly consists of a Non-Productivity Report on Plaintiff, dated January 15, 1993. This time, the district manager wrote as follows: "[Plaintiff] Leaving company 1-22-93." (Defendant's Motion for Summary Judgment, Exhs. K, L).
[3] Plaintiff claims her resignation became effective January 25, 1993. Although the exact date of such resignation appears to be in dispute, for purposes of this motion the Court finds Plaintiff's date to be accurate.
[4] Rather than respond, Plaintiff simply ignores this portion of Defendant's argument in her Response.
[5] As stated above, Defendant's evidence consists of a non-productivity report dated January 15, 1993, in which Plaintiff's supervisor states that Plaintiff is leaving the company on January 22, 1993. (Defendant's Motion for Summary Judgment, Exh. L).
[6] By the Court's calculation, because the accrual date for Plaintiff's charge was January 15, 1993, her EEOC charge had to be filed no later than November 11, 1993. Therefore Plaintiff's November 15, 1993 charge was filed four days out of time.
[7] See also, Gipson v. KAS Snacktime Co., 83 F.3d 225, 229 (8th Cir.1996) ("A hostile work environment is an ongoing nightmare for the employee victim, in legal parlance, a `continuing violation.' For this type of violation, the statute of limitations runs from `the last occurrence of discrimination.'") (citations omitted)).
[8] Plaintiff's EEOC Charge of Discrimination contains only one line, as follows: "On January 25, 1993, I was forced to resign my position because of my sex, female."