966 F.Supp. 858 (1997)
Cynthia WOELBLING, Plaintiff,
v.
R.C. WILSON COMPANY, Defendant.
No. 4:96 CV 818 DDN.
United States District Court, E.D. Missouri, Eastern Division.
April 28, 1997.
*859 Cathy Steele, Cathy Steele Law Office, P.C., Clayton, MO, for plaintiff.
Steven M. Hamburg, Michael W. Newport, Summers and Compton, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This action is before the Court upon the motion of defendant R.C. Wilson Company to dismiss plaintiff's complaint, which the Court has ordered be considered a motion for summary judgment under Federal Rule of Civil Procedure 56(c). The parties have consented to the exercise of authority by the undersigned *860 United States Magistrate Judge under 28 U.S.C. § 636(c)(3).
In her first amended complaint, plaintiff Cynthia Woelbling seeks relief from employment discrimination in eight counts under federal and state law. Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII); the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (ADA); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (ADEA); the Missouri Human Rights Act, Mo.Rev.Stat. §§ 231.010 et seq. (MHRA); the Missouri Workers' Compensation Law, Mo.Rev.Stat. Ch. 287 (MWCL); and the common law of Missouri. More specifically, she alleges the following claims:
(1) Count I: under Title VII, on account of her gender, (a) she was denied the position of Insurance Supervisor and (b) was terminated;
(2) Count II: under the MHRA, on account of her gender, (a) she was denied the position of Insurance Supervisor and (b) was terminated;
(3) Count III: under the ADA, after she was injured on the job and became disabled, (a) she was subjected to conditions of employment different from those of defendant's non-disabled employees and (b) was terminated.
(4) Count IV: under the MHRA, after she was injured on the job and became handicapped, (a) she was subjected to conditions of employment different from those of defendant's non-disabled employees and (b) was terminated.
(5) Count V: under the MWCL, after she began receiving treatment for her on-the-job injury, (a) plaintiff was subjected to retaliatory conduct and (b) was terminated.
(6) Count VI: under Missouri common law, after expressing concerns about defendant's policies and specific instructions about her job duties, which she believed were unethical and in violation of federal law, (a) she was subjected to retaliation and (b) was terminated.
(7) Count VII: under the ADEA, on account of her age, she was terminated.
(8) Count VIII: under the MHRA, on account of her age, she was terminated.
Defendant has moved to dismiss certain of plaintiff's claims because she failed to exhaust her administrative remedies as to them, because they fail to state a claim upon which relief can be granted, and because the Court should not exercise supplemental jurisdiction over the state law claims.[1]

Exhaustion of administrative remedies.
Defendant argues that certain of the claims must be dismissed for lack of subject matter jurisdiction, because plaintiff did not assert them in the charge of discrimination brought before the Missouri Human Rights Commission (MHRC) and the Equal Employment Opportunity Commission (EEOC).
In support of its arguments that plaintiff has failed to exhaust her statutory administrative remedies, defendant has submitted to the Court a copy of plaintiff's charge of discrimination filed with the MHRC on October 5, 1995. In that document plaintiff alleged that she was discriminated on account of sex, disability, age, and "violation of public policy." See Motion Exh. A, filed June 25, 1996, at 2. Plaintiff specifically alleged:
I believe I was disparately treated and then terminated because of my sex, age and disabilities. I was informed by Martin Payne & Rick Richardson that I was terminated because (a) it was pretextual (b) women under 40 and males and non-disabled persons were treated favorably & given larger raises. M. Payne's evaluation of me was at a lower job performance level, for which he had no explanation, when all my women supervisors had given me [a] very good performance appraisal. I also believe my employer was retaliating against me because I refused to perform illegal actions which I was instructed to perform. *861 Id. The EEOC Notice of Right to Sue was issued to plaintiff on January 31, 1996. See Motion Exh. B, filed June 25, 1996. This action was commenced by the filing of the original complaint on April 26, 1996.
Plaintiffs who intend to bring claims in federal district court for violations of Title VII, the ADEA, the ADA, and the MHRA must first exhaust the administrative remedies as to them. See 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d)(1); Mo. Rev.Stat. §§ 213.075, 213.111(1); Walker v. St. Anthony's Medical Center, 881 F.2d 554, 556 (8th Cir.1989) (Title VII and ADEA); Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir.1994) (MHRA). Concomitant with the requirement that such employment discrimination claims be submitted to administrative remedial procedures are the following principles:
The purpose of filing a charge with the [appropriate administrative agency] is to provide [that agency] an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party a lawsuit. ... Because persons filing charges with [those agencies] typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of [the statute invoked.] ... Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the [agency]'s "investigation which could reasonably be expected to grow out of the charge of discrimination."
Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir.1988) (citations omitted). Thus, administrative remedies are deemed "exhausted as to all incidents of discrimination that are `like or reasonably related to the allegations of the [administrative] charge.'" Tart, 31 F.3d at 671 (quoting Anderson v. Block, 807 F.2d 145, 148 (8th Cir.1986); see also Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996)). Further,
federal courts have concluded that a discrete, adverse employment action, such as a discharge, layoff, or failure to promote, "constitutes a completed act at the time it occurred."...
* * * * * *
On the other hand, ... a hostile work environment claim, alleging ... continuing racial harassment ... must be separately raised in the administrative charge, because it is not reasonably related to a claim of a discrete act of discrimination, such as demotion.
Gipson v. KAS Snacktime Co., 83 F.3d 225, 229 (8th Cir.1996) (citations omitted); see also Tart, 31 F.3d at 672. Cases in our circuit have indicated that a 1987 charge of race discrimination was separate from a 1990 judicial claim of retaliation, Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir.1994); an allegation of discriminatory layoff is not like or reasonably related to a separate and later claim of discriminatory discharge, Boge v. Ringland-Johnson-Crowley Co., 976 F.2d 448, 451 (8th Cir.1992); constructive discharge and wage discrimination, which were learned about during an agency investigation were sufficiently like and related to a claim of discriminatory demotion, EEOC v. Delight Wholesale Co., 973 F.2d 664, 669 (8th Cir.1992); and discriminatory suspension is not like or reasonably related to a claim of discriminatory discharge, Anderson v. Block, 807 F.2d 145, 148-49 (8th Cir.1986).
The proper exhaustion of administrative remedies is a condition precedent to maintaining a federal judicial action, which is curable during the pendency of the action; it is not a jurisdictional prerequisite the lack of which requires dismissal. Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir.1988).
The Court has carefully examined the charge of discrimination which plaintiff filed with the MHRC. A liberal reading of the charge, mindful of the standards by which the Court must be guided, indicates that therein plaintiff alleged the following:
(a) disparate treatment with respect to raises and job performance evaluations, on account of plaintiff not being
(1) under 40 years of age,
(2) male, and

*862 (3) non-disabled; and
(b) termination on April 11, 1995, on account of her
(1) sex,
(2) age,
(3) disability, and
(4) failing to accede to defendant's direction that plaintiff violate the law.
The Court agrees that plaintiff did not allege in the administrative charge that she was denied a promotion to Insurance Supervisor on account of her gender. Plaintiff charged that she was denied raises and accurate performance evaluations, but her administrative allegations do not include a deprivation of a specific employment position. The denial of a promotion to a specific job is not similar to or reasonably related to her allegations of discriminatory termination, general lack of pay raises and discriminatory performance evaluations. For these reasons, the Court will dismiss from Count I of the first amended complaint the claim that she was denied promotion to Insurance Supervisor.
Defendant also argues that plaintiff's claims should be dismissed, because plaintiff sought and received a Notice of Right to Sue from the EEOC before the passage of 180 days[2] from the filing of her charge of discrimination.[3] In considering this argument of defendant, the Court is mindful that a cardinal purpose of the mandatory administrative process is to allow an opportunity for investigation and attempted resolution of the charge. Cobb, 850 F.2d at 359. Plaintiff's discharge occurred on April 11, 1995. She filed her charge of discrimination on October 5, 1995. The Notice of Right to Sue was issued on January 31, 1996, 118 days after the filing of the charge. The Notice of Right to Sue also bore the statement of the EEOC District Director that "I have determined that the Commission will be unable to complete its process within 180 days from the filing of the charge."
Defendant argues that this Court should follow the line of cases which have concluded that 29 C.F.R. § 1601.28(a)(2), allowing for the early issuance of the Notice of Right to Sue, is not authorized by Title VII. See Montoya v. Valencia County, 872 F.Supp. 904, 906 (D.N.M.1994); Henschke v. New York Hosp.-Cornell Med. Center, 821 F.Supp. 166, 170-171 (S.D.N.Y.1993); Mills v. Jefferson Bank East, 559 F.Supp. 34, 36 (D.Colo.1983); Loney v. Carr-Lowrey Glass Co., 458 F.Supp. 1080, 1081 (D.Md.1978). The main bases for the rulings in these cases include that Title VII did not authorize the EEOC to issue its Notice of Right to Sue before the expiration of 180 days and that compliance with the administrative procedures was a jurisdictional prerequisite to suit.
Marshaled on the other side of the issue are cases such as Sims v. MacMillan, 22 F.3d 1059, 1062-63 (11th Cir.1994); Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 728 (9th Cir.1984), cert. denied, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985); Kelley v. Harvest Foods, Inc., 780 F.Supp. 605, 608 (E.D.Ark.1992); Cattell v. Bob Frensley Ford, Inc., 505 F.Supp. 617, 622 (M.D.Tenn.1980).
The undersigned is persuaded that Congress did not foreclose the EEOC from issuing an early Notice of Right to Sue. See Sims, 22 F.3d at 1062. The Eighth Circuit has clearly held that compliance with the required administrative procedures is not jurisdictional but merely a condition precedent to the maintenance of a federal judicial action; an action may be stayed pending the *863 conclusion of the administrative proceedings. Jones, 857 F.2d at 499-500. "Once the Commission determines that it will be unable to process the complainant's charge within the 180-day period, no legitimate purpose is served by forcing delay." Sims, 22 F.3d at 1063.
Nevertheless, even under a non-jurisdictional analysis, plaintiff's compliance with the administrative agency procedures may not be lightly excused. The Court must exercise its equitable discretion in determining whether or not plaintiff was responsible for the conclusion of the agency proceedings and whether or not there was a reasonable opportunity for the agency to attempt conciliation or other pre-suit resolution of the charge of discrimination. Forehand v. Fla. St. Hosp., 89 F.3d 1562, 1570 (11th Cir.1996); Moteles v. Univ. of Pa., 730 F.2d 913, 917 (3rd Cir.1984). Under the circumstances disclosed by the present record of this action, the Court does not find that plaintiff improperly evaded or avoided the administrative process to speed herself to court.
Therefore, defendant's argument is without merit.

Failure to state a claim.
Defendant argues, for differing reasons, that plaintiff's allegations in Count V that she was terminated in retaliation for filing a Worker's Compensation claim and in Count VI that the defendant violated Missouri state public policy by terminating her for refusing to perform tasks which she believed were illegal fail to state claims upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Court need not answer these arguments, because it does not have original subject matter jurisdiction over them and because it declines to exercise supplemental jurisdiction with respect to them.
Plaintiff has properly invoked the Court's subject matter jurisdiction over the claims she properly asserts under Title VII, the ADEA, the ADA, and the factually related claims under the MHRA. Plaintiff's allegations that the Missouri Workers Compensation Law and Missouri public policy were violated, however, do not relate to her claims under the federal and state equal employment opportunity laws. See 42 U.S.C. §§ 2000e-2, 12101, 29 U.S.C. § 621; Mo.Rev. Stat. § 231.010 (1996). Rather, these are strictly state law claims, which if not appropriate subjects of supplemental jurisdiction must be grounded in some other grant of original jurisdiction, such as 28 U.S.C. § 1332 based upon the diversity of the parties' citizenship and the amount in controversy. In this case plaintiff alleges that she and defendant are citizens of Missouri. Thus, no basis for diversity jurisdiction exists in this case.
Therefore, these claims will be dismissed without prejudice for lack of subject matter jurisdiction.

Supplemental jurisdiction.
Defendant argues that the Court should not exercise supplemental jurisdiction over the Missouri state equal employment law claims. The Court has concluded that the claim in Count I that plaintiff was denied a promotion to the position of Insurance Supervisor because of plaintiff's gender must be dismissed, because plaintiff has failed to exhaust the required administrative remedies with regard to it. The Court declines to exercise its authority to determine the merits of the same allegations as plaintiff asserts them under the MHRL. United Mine Workers v. Gibbs, 383 U.S. 715, 725-26, 86 S.Ct. 1130, 1138-39, 16 L.Ed.2d 218 (1966); 28 U.S.C. § 1367(c)(3) (the Court may decline to exercise supplemental jurisdiction over a claim if the Court has dismissed all claims over which it has original jurisdiction); cf. 28 U.S.C. § 1367(a) (grants supplemental jurisdiction over state laws claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").
For these reasons,
IT IS HEREBY ORDERED that the motion of defendant to dismiss (Doc. No. 5), considered a motion for summary judgment, is sustained as to the following claims: (a) in Counts I and II, the claim of denial of a promotion to Insurance Supervisor; (b) the Count V claim of retaliatory conduct on account of plaintiff receiving medical treatment *864 under the state Worker's Compensation law; and (c) the Count VI claim of wrongful reprimand and termination under Missouri common law. In all other respects, the motion is denied.
NOTES
[1] Originally, defendant directed its motion against the original complaint. Thereafter, plaintiff recast her claims and filed her first amended complaint. The Court has acceded to defendant's request that the arguments in its motion to dismiss be directed to the amended complaint.
[2] Title VII provides that if the EEOC finds no probable cause with respect to a charge or if 180 days go by without the EEOC filing a civil action or entering a conciliation agreement, the Commission must give notice to the charging party that she has 90 days in which to bring a private suit (Notice of Right to Sue). 42 U.S.C. § 2000e-5(f)(1). An EEOC regulation, however, allows the Commission to issue a Right to Sue Notice prior to the expiration of 180 days after the filing of the charge of discrimination, if the charging party requests the issuance of the notice and the Commission certifies that it will be unable to complete the administrative process within the 180 days. 29 C.F.R. § 1601.28(a)(2).
[3] This argument is moot with respect to plaintiff's claim that she was subjected to retaliatory conditions of employment, because plaintiff did not include such allegations in her administrative charge.