**Martha Marie WEST, Plaintiff,**

v.

**MERILLAT INDUSTRIES, INC., Defendant.**

**No. 1:00CV00001.**

United States District Court, W.D. Virginia, Abingdon Division.

April 12, 2000.

Daniel Robert Bieger, Copeland, Molinary & Bieger, Abingdon, VA, for Plaintiff.

Stewart S. Manela, Arent, Fox, Kinter, Plotkin & Kahn, PLLC, Washington, DC, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

In this employment discrimination case arising under Title VII of the Civil Rights Act of 1964, the defendant employer moves to dismiss on the grounds that the Equal Employment Opportunity Commission ("EEOC") prematurely issued a notice of right to sue and that the dispute is subject to mandatory arbitration. Finding that the EEOC's issuance of the notice is not contrary to law and that a motion to dis-

miss is not the appropriate vehicle by which to enforce arbitration, I deny the defendant's motion to dismiss on these grounds.

### I

Martha Marie West was employed for three years as an engineering service manager by Merillat Industries, Inc. ("Merillat"). She alleges that in January of 1998, her supervisor told her that "women did not belong in engineering." She further claims that she was singled out for evaluation in July of 1998 and that she was the only manager turned down for vacation time. She alleges that her discharge on June 3, 1999, was based on her sex.

West filed a charge with the EEOC, and on December 10, 1999, less than 180 later, she was issued a right-to-sue notice.[1] The notice indicated that although less than 180 days had elapsed since she filed her complaint, the district director had determined that it was unlikely that the EEOC would be able to complete its administrative processing within 180 days of the filing of the charge. West thereafter filed suit in this court, claiming that Merillat discriminated against her on the basis of her sex in violation of Title VII[2] and the Virginia Human Rights Act.[3]

In response, the defendant has moved to dismiss the action. The defendant argues that the failure of the EEOC to wait 180 days before issuing the right-to-sue notice removes a necessary precondition to this suit. The defendant also asserts that the Virginia Human Rights Act does not provide a private right of action.[4] The defendant lastly contends that the case should be dismissed because the plaintiff is bound by the mandatory arbitration clause in her employment contract.

---

1. The record does not reflect when the charge was filed, but the defendant represents that the notice of right to sue was issued less than 45 days after the filing of the charge. (Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss Pl.'s Compl. at 6.)

2. Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e–17 (West 1994 & Supp.1999) ("Title VII").

3. Va.Code Ann. §§ 2.1–714 to 2.1–725 (Michie 1995 & Supp.1999).

4. The plaintiff concedes this issue in her response to the motion to dismiss, and therefore it is unnecessary for me to address this argument. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 4.)

The motion has been briefed and is ripe for decision.

## II

Title VII prohibits discrimination in employment on the basis of sex and vests the EEOC with responsibility for enforcing Title VII's provisions. Congress has specially authorized the EEOC to issue "procedural" regulations to carry out Title VII.[5]

A person who believes herself to be the victim of discrimination must file a charge with the EEOC and obtain a right-to-sue letter from the EEOC before instituting a private civil action.[6] Title VII provides for a 180-day period for administrative processing by the EEOC. In particular, the statute sets forth as follows:

> If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section ... or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days of giving such notice a civil action may be brought against the respondent named in the charge.... [7]

In 1977, the EEOC formalized by regulation its long-standing practice of issuing early right-to-sue notices, provided that a district director "has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days of the filing of the charge...." [8]

This EEOC regulation and its practice of issuing right-to-sue notices before 180 days have predictably generated considerable litigation. Employers have argued that the regulation and practice are contrary to statute and accordingly courts are without jurisdiction to entertain actions brought following premature notices of right to sue.

The Fourth Circuit has not ruled on the question, but two circuit courts have rejected employers' contentions and held that the EEOC does have the power under the law to issue a notice of right to sue before 180 days have elapsed following the filing of a charge.[9] The district courts in other circuits are split.[10] The defendant here has brought to my attention a decision from another judge of this court remanding a case to the EEOC for exhaustion of the 180-day period and retaining the case on the docket until such time had elapsed.[11]

---

**5.** 42 U.S.C.A. § 2000e–12(a).

**6.** 42 U.S.C.A. § 2000e–5(a); *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The notice of right to sue shall include: "(1) Authorization to the aggrieved person to bring a civil action ... within 90 days from receipt of such authorization; (2) Advice concerning the institution of such civil action by the person claiming to be aggrieved, where appropriate; (3) A copy of the charge; (4) The Commission's decision, determination, or dismissal, as appropriate." 29 C.F.R. § 1601.28(e) (1999).

**7.** 42 U.S.C.A. § 2000e–5(f)(1).

**8.** 29 C.F.R. § 1601.28(a)(2) (1999). *See* Valerie J. Pacer, Comment, *The Early Right–To–Sue Letter: Has the EEOC Exceeded its Authority?,* 72 Wash. U.L.Q. 757, 758 n. 9 (1994).

**9.** *Sims v. Trus Joist MacMillan,* 22 F.3d 1059, 1063 (11th Cir.1994); *Bryant v. California Brewers Assoc.,* 585 F.2d 421, 425 (9th Cir. 1978), *vacated on other grounds,* 444 U.S. 598, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980). One circuit has ruled that a plaintiff must wait the full 180 days before filing suit. *Martini v. Federal Nat'l Mortgage Assoc.,* 178 F.3d 1336 (D.C.Cir.1999).

**10.** *Compare Pearce v. Barry Sable Diamonds,* 912 F.Supp. 149, 151 (E.D.Pa.1996) (holding that EEOC has no power to authorize a plaintiff to file suit before 180 days), *with Woelbling v. R.C. Wilson Co.,* 966 F.Supp. 858, 862 (E.D.Mo.1997) (holding that Congress did not foreclose EEOC from issuing early notice of right to sue).

**11.** *Meredith v. National Bus. College Corp.,* No. 97–0031–R, 1997 U.S. Dist. LEXIS 12677 (W.D.Va. July 28, 1997) (Kiser, J.). Judge

I am persuaded, however, that the EEOC's regulation is not contrary to law and that dismissal or remand is not required. In so holding, I follow the particularly well–reasoned decision by the district court in *Figueira v. Black Entertainment Television, Inc.*[12] There the court noted that agency regulations must be upheld if "based on a permissible construction of the statute."[13] The statute does not by its plain terms prohibit the EEOC from issuing a notice of right to sue before the 180–period has expired. While the legislative history is uncertain, there is support for the proposition that 180 days was meant solely to be an outside time limit, to prevent bureaucratic delay from stifling claims of discrimination.[14]

Moreover, the claimed policy ground for requiring the EEOC to utilize the full 180–day period—that otherwise the agency will be encouraged to be less efficient in processing cases—is not only dubious, but is beyond the authority of the court to consider, as long as the regulation is lawfully within the power of the agency.[15]

Finally, the practical approach that has been voiced by a number of courts rings true to me. If the plaintiff here is remanded to the EEOC, the fact is that there will likely be no additional efforts at investigation or conciliation of her claim. Her case would simply be delayed before she could return to court.[16] Since the law does not mandate this result, I will not impose it.

## III

The defendant argues that the case should be dismissed because of the arbitration clause in the plaintiff's employment contract.

■ The Federal Arbitration Act[17] governs the procedures district courts should follow when confronted with an arbitrable controversy. The act provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided in such agreement."[18] This section makes it clear that the appropriate procedural mechanism to enforce an arbitration agreement is a motion to compel, not a motion to dismiss.[19] Additionally, if a district court finds that a controversy is arbitrable, the appropriate course of action is to stay the proceedings, not to dismiss them.[20]

If the defendant wishes to compel arbitration, it can file a motion in that regard. Such a motion will afford the plaintiff an opportunity to respond appropriately.

## IV

For the foregoing reasons, it is **ORDERED** that the motion to dismiss is

---

Kiser did not, however, hold that the court was without jurisdiction. Indeed, he expressly retained jurisdiction. *See id.* slip op. at 5.

**12.** 944 F.Supp. 299 (S.D.N.Y.1996).

**13.** *Id.* at 305 (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

**14.** *See Sims v. Trus Joist MacMillan,* 22 F.3d at 1062.

**15.** While the number of individual charge filings with the EEOC has gone down in recent years, it still received a total of 77,444 in fiscal year 1999, an increase of 7% over 1992. *See* Equal Employment Opportunity Comm'n, *Charge Statistics FY 1992 Through FY 1999* (last modified Jan. 12, 2000) <http://www.eeoc.gov/stats/charges.html>.

**16.** *See Bryant,* 585 F.2d at 425 ("[I]t would be a travesty to require the EEOC and [the plaintiff] to mark time until 180 days were counted off.").

**17.** 9 U.S.C.A. §§ 1–16 (West 1999).

**18.** *Id.* at § 4.

**19.** *See Disston Co. v. Sandvik, Inc.,* 750 F.Supp. 745, 748 (W.D.Va.1990).

**20.** *See* 9 U.S.C.A. § 3; *Disston,* 750 F.Supp. at 748.

granted as to Count II of the complaint, relating to the Virginia Human Rights Act, and Count II is hereby dismissed; the motion to dismiss is otherwise denied.