**Debra BRYANT, Plaintiff,**

v.

**DAN RIVER INC., Defendant.**

**No. 2:02cv261.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 3, 2002.

Pamela Y. Hampton, The Law Office of Hampton & Johnson, Norfolk, VA, for plaintiff.

Sara L. Berg, Hunton & Williams, Norfolk, VA, for defendant.

## ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Defendant argues that plaintiff's Title VII suit must be dismissed for failing to exhaust her administrative remedies prior to filing suit in this court. Defendant's argument is based on the fact that the EEOC issued a right-to-sue letter to the plaintiff fourteen days after she filed a charge with the EEOC. Defendant contends that 42 U.S.C. § 2000e–5 mandates that the EEOC wait 180 days before issuing the right-to-sue letter; thus, the EEOC's failure to comply with the statute renders the right-to-sue letter invalid.

In making this argument, defendant challenges the validity of 29 C.F.R. § 1601.28(a)(2), which authorizes the EEOC to issue a right-to-sue letter prior to the expiration of 180 days. It is defendant's contention that this regulation is contrary to the statutory authority provided to the EEOC in § 2000e–5. The court acknowledges that there is precedent supporting this position. *See, e.g., Martini v. Federal Nat'l Mortgage Ass'n,* 178 F.3d 1336 (D.C.Cir.1999); *Montoya v. Valencia*

*County,* 872 F.Supp. 904, 906 (D.N.M. 1994); *Henschke v. New York Hospital–Cornell Med. Ctr.,* 821 F.Supp. 166, 170 (S.D.N.Y.1993).

However, nowhere in the plain language of § 2000e–5 does the statute *require* the EEOC to wait 180 days prior to issuing a right-to-sue letter. For this reason, the Ninth and Eleventh Circuits have found that the EEOC has the power to issue right-to-sue letters before 180 days have elapsed following the filing of a charge with the agency. *See Sims v. Trus Joist MacMillan,* 22 F.3d 1059, 1063 (11th Cir. 1994); *Bryant v. California Brewers Ass'n,* 585 F.2d 421, 425 (9th Cir.1978), *vacated on other grounds,* 444 U.S. 598, 100 S.Ct. 814, 63 L.Ed.2d 55 (1980). Although the Fourth Circuit has yet to rule on this issue, at least four district courts within this circuit have reached the same conclusion as that reached by the Ninth and Eleventh Circuits. *See Lauricia v. MicroStrategy, Inc.,* 114 F.Supp.2d 489, 495–96 (E.D.Va.2000), *rev'd on other grounds,* 268 F.3d 244 (4th Cir.2001); *West v. Merillat Indus., Inc.,* 92 F.Supp.2d 558, 560–61 (W.D.Va.2000); *Thomas Bet v. Sound–Stage Restaurant,* 61 F.Supp.2d 448, 458–59 (D.Md.1999); *Cortes v. McDonald's Corp.,* 955 F.Supp. 531, 532–33 (E.D.N.C.1996). *But see Loney v. Carr-Lowrey Glass Co.,* 458 F.Supp. 1080 (D.Md.1978) (reaching opposite conclusion). Given that the agency regulation is "based upon a permissible construction of the statute," *Figueira v. Black Entertainment Television, Inc.,* 944 F.Supp. 299, 305 (S.D.N.Y.1996), this court joins the other district courts in this circuit that have upheld the validity of 29 C.F.R. § 1601.28(a)(2).

---

1. Defendant filed the motion to dismiss on June 18, 2002. Plaintiff failed to file a responsive brief within the time mandated by Local Rule 7(E)(1). However, as the defendant's motion raises a purely legal issue, further briefing on the motion is unnecessary.

Because the plaintiff obtained a valid right-to-sue letter prior to filing this suit, defendant's motion to dismiss is DENIED.

The Clerk is ORDERED to send copies of this order to counsel for the plaintiff and the defendant.

IT IS SO ORDERED.