**Lisa P. MARSTON, Plaintiff,**

v.

**AT & T CORP., Defendant.**

**No. CIV.A. 3:02CV516.**

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 23, 2002.

Jay Joseph Levit, Levit, Mann & Halligan, Richmond, VA, for Plaintiff.

Ronda Brown Esaw, Stephen W. Robinson, Michele Lynn Stoddard, McGuire Woods, LLP, McLean, VA, for Defendant.

### *MEMORANDUM OPINION*

SPENCER, District Judge.

This matter comes before the Court on Defendant AT & T's Motion to Dismiss Plaintiff's claim for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). For the reasons stated below, the Motion to Dismiss is DENIED.

## I.

On December 21, 2001, Lisa Marston filed a Charge of Discrimination with the EEOC claiming gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. On April 24, 2002, 124 days after Ms. Marston filed her charge, the EEOC issued a Notice of Right to Sue to Ms. Marston. She then filed her Complaint on July 24, 2002 alleging the same charges as her earlier filing with the EEOC. AT & T filed a Motion to Dismiss, arguing that the Notice of Right to Sue is invalid because the EEOC did not complete its investigation as required by 42 U.S.C. § 2000e–5(b) nor did the EEOC wait the 180 days during which such charges must remain within their exclu-

sive province under 42 U.S.C. § 2000e–5(f)(1) before issuing the Notice of Right to Sue. Therefore, AT & T argues, Ms. Marston has failed to state a claim and this Court lacks subject matter jurisdiction.

## II.

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Under Rule 12(b)(1), the Plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, F. & P.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). The court should grant the Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Jurisdiction over a Title VII claim is proper in a federal court only after the plaintiff exhausts the administrative procedures set forth in 42 U.S.C. § 2000e–5. *Poteat v. Mack Trucks,* 1997 WL 33117, at *1, 1997 U.S.App. LEXIS 1413, at *7 (4th Cir. Jan. 28, 1997). 42 U.S.C. § 2000e–5(f)(1) requires an individual to obtain a Notice of Right to Sue from the EEOC before bringing suit in a federal court on a Title VII claim. 42 U.S.C. § 2000e–5(f)(1) provides:

> If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference ... whichever is later, the Commission has not filed a civil action under this Section ..., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.

At issue in this Motion is the EEOC's power, self-created in 29 C.F.R. § 1601.28(a)(2), to issue early right-to-sue letters. Section 1601.28(a)(2) states:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, governmental agency or political subdivision, the Commission may issue such notice as described in § 1608.28(e) with copies to all parties, *at any time prior to the expiration of 180 days* from the date of filing the charge with the Commission; provided, that [an appropriate official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect. (Emphasis added).

AT & T argues that Section 1601.28(a)(2) is an invalid agency regulation under the plain language of 42 U.S.C. § 2000e–5(f)(1), which they assert requires the passing of 180 days before EEOC is permitted to issue a Notice of Right to Sue. The Plaintiff responds that Section 1601.28(a)(2) is a permissive agency interpretation of Section 2000e–5(f)(1), which the Plaintiff claims does not require the EEOC to wait 180 days before issuing a right-to-sue letter.

The validity of Section 1601.28(a)(2) has been at issue in the federal courts since its promulgation in 1977. Neither the Supreme Court nor the Fourth Circuit, however, has ruled on the matter. Of the Circuit Courts that have addressed the issue, the Court of Appeals for the D.C. Circuit struck down the regulation under the framework established in *Chevron U.S.A. Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) as contravening the plain language of Section 2000e–5(f)(1). *See Martini v. Federal National Mortgage Association,* 178 F.3d 1336, 1347 (D.C.Cir. 1999) (striking down the regulation). The Third Circuit also clearly indicated in dicta that Section 1601.28(a)(2) is invalid. *Moteles v. University of Pennsylvania,* 730 F.2d 913, 916–17 (3rd. Cir.). The Ninth Circuit and the Eleventh Circuit upheld the regulation and found that Section 2000e–5(f)(1) does not speak to the issue, therefore the EEOC's interpretation of the statute is valid. *Sims v.*

*MacMillan,* 22 F.3d 1059, 1062–63 (11th Cir. 1994), *Saulsbury v. Wismer & Becker, Inc.,* 644 F.2d 1251, 1257 (9th Cir.1980). In addition, the district courts in the Eastern District of Virginia are split on the issue. *See Dozier v. George Mason Bank,* No. 97–1450–A (E.D. Va. Nov. 24 1997) (invalidating right to sue letter issued before expiration of the 180–day period)[1]; *cf. Bryant v. Dan River Inc.,* 209 F.Supp.2d 609, 610 (E.D.Va.2002) (upholding 29 C.F.R. § 1601.28(a)(2), which allows the EEOC to issue right to sue letters before the expiration of the 180–day period), *Hicks v. Maruchan Virginia, Inc.,* 1996 U.S. Dist. LEXIS 13754, at *9 (E.D.Va. Sept., 1996) (same). The split of authority in this Circuit, with persuasive reasoning found in both camps, indicates that it would be very beneficial for the Fourth Circuit to resolve this issue.

Any inquiry into the validity of an agency regulation must begin with the Supreme Court's opinion in *Chevron U.S.A. Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *Chevron* requires a two–step analysis in which the Court must first ask "whether Congress has directly spoken to the precise question at issue." *Id.* at 842, 104 S.Ct. 2778. If so, then the unambiguous intent of Congress must be carried out by the reviewing court. *Id.* at 842–43, 104 S.Ct. 2778. "If the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778.

AT & T argues that Section 2000e–5(f)(1) addresses the issue and therefore Section 1601.28(a)(2) is invalid under the first prong of the *Chevron* analysis. The controlling statute here is 42 U.S.C. § 2000e–5(f)(1) ("the statute"). The statute requires the EEOC to give notice to the aggrieved person upon the occurrence of either of two events after a charge is filed: 1) if the Commission dismisses the charge; or 2) if 180 days pass from the time of filing and the Commission has neither commenced an action nor entered into a conciliation agreement in the aggrieved party's behalf. Ms. Marston argues that while the statute certainly requires the Commission to issue a notice after 180 days has passed, it does not prohibit the issuance of a notice before the passage of 180 days.

In seeking the "plain meaning" of the statute under the first prong of *Chevron,* courts have turned to the legislative history. *See Martini v. Federal National Mortgage Association,* 178 F.3d 1336, 1347 (D.C.Cir.1999) (finding the legislative history inconclusive). The legislative history reveals that Congress was well aware of the long delays in the EEOC's processing of discrimination charges and, therefore, enacted the 180–day provision as "a means by which a plaintiff may be able to escape from the administrative quagmire which occasionally surround a case caught in an overloaded administrative process." 1972 U.S.C.C.A.N. 2137, 2148; *See* S. REP. No. 92–415, at 23 (1971). The Conference Committee, in a statement accompanying the Conference Report to the 1972 amendments to the statute, explained that the 180–day provision allows the person aggrieved to elect to pursue his or her own remedy in the federal courts where there is agency dismissal of the charge or inaction for 180 days. 118 CONG. REC. 7168 (1972). As the D.C. Circuit noted, however, the legislative history falls short in precisely the same manner as the statutory language. The question remains, "[d]id Congress simply intend to *guarantee* the right to sue after 180 days, or did it further intend to *prohibit* private suits within 180 days?" *Martini,* 178 F.3d at 1346. Ultimately, the statutory language and the legislative history do not reveal the "unambiguously expressed intent of Congress" on the issue. *Chevron,* 467 U.S. at 843, 104 S.Ct. 2778.

The analysis under *Chevron's* first step, however, also requires the courts to conduct an "independent examination" of the statute in the hopes that the "language and design of the statute as a whole" will reveal the meaning of the precise statutory language at issue.

---

1. The Western District of Virginia is also split. *Meredith v. National Bus. College Corp.,* 1997 U.S. Dist. LEXIS 12677, at *8 (W.D. Va. July 28, 1997) follows *Dozier* and the line of cases that view the 180–day waiting period as mandatory. *West v. Merillat Indus.,* 92 F.Supp.2d 558, 561 (W.D.Va.2000) upheld the validity of Section 1601.28.

*K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988), *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993). In *Martini,* the D.C. Circuit held that Section 2000e–5(b) thrusts duties upon the EEOC which cannot be squared with their self-created power to send early right-to-sue letters under Section 1601.28(a)(2). *Martini,* 178 F.3d at 1346. Section 2000e–5(b) states that "the EEOC 'shall' investigate charges filed and 'shall' make a reasonable cause determination ... not later than one hundred and twenty days from the filing of the charge." An early right–to–sue letter under Section 1601.28(a)(2) may often result in the EEOC terminating its Section 2000e–5(b) mandatory investigation. *See Id.* (finding that an early right-to-sue letter did, in fact, result in the premature termination of the mandatory investigation only twenty-one days after the filing of the charge). Other courts find this structural argument unpersuasive.

Courts that have upheld the validity of early right-to-sue letters under Section 1601.28(a)(2) find that "it makes very little sense" to dismiss an action where the EEOC determines that it cannot complete its investigation within the 180–day period and notifies the party that it is terminating the investigation. *Hicks v. Maruchan Virginia, Inc.,* 1996 U.S. Dist. LEXIS 13754, at \*9 (E.D.Va. Sept., 1996). These courts feel that "it is pointless for the aggrieved party to stand by and mark time until the 180–day period expires." *Id.* (*citing Sims,* 22 F.3d at 1061). Therefore, any investigation under Section 2000e–5(b) can hardly be termed mandatory when the EEOC finds that its backlog makes completion of the investigation impossible. As other courts have noted, however, mandatory passage of the 180–day period may not be "purposeless, merely because the agency claims it seems unlikely to take final action during that time." *Spencer,* 87 F.R.D. at 746.

> If complainants are required to remain before the agency for 180 days, the primary role of the agency in handling such claims is emphasized and assured. Complainants faced with such a rule will naturally press the agency for action, rather than for early right-to-sue letters. The agency, in turn, will be spurred by that pressure and work to improve its efficiency ... Pressure and incentive to improve efficiency would no doubt diminish if the Commission could simply shift a large part of its workload to the federal courts.

*Id.* As the above conflicting precedents indicate, the language and design of the statute as a whole is ultimately unrevealing.

This matter is before the Court on the Defendant's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). According to the Supreme Court, the 180–day waiting period is not jurisdictional, and therefore, dismissal for lack of subject matter jurisdiction is inappropriate. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"). When presented with a motion to dismiss for lack of subject matter jurisdiction, courts which have held that Section 1601.28(a)(2) is invalid have not dismissed the case for lack of subject matter jurisdiction. Rather, these courts have disposed of the case by such methods as finding the suit "untimely" and dismissing the suit without prejudice, allowing the Plaintiff to re-file after the EEOC has attempted to resolve the charge for the full 180 days. *See Martini,* 178 F.3d at 1348. For the reasons discussed in the paragraph below, this Court declines to make such a disposition. With regards to the 12(b)(6) Motion, it does not appear beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Ms. Marston has alleged facts, which if proven, constitute gender discrimination entitling her to relief. Ms. Marston alleges that she was recently demoted from her position as sales manager in retaliation for her filing earlier sexual discrimination claims against AT & T for a 1989 incident in which she and two

female co-workers were being demoted to facilitate the promotion of three male employees into the females' positions.

The Court finds that both precedent and sound reasoning provide ample materials with which to construct a coherent argument on either side of this issue. It is precisely this balance of persuasive opinion which leads the Court to its conclusion that Section 1601.28(a)(2) is a valid regulation. Two interpretational guides ultimately tip the balance in favor of this result. First, the EEOC has the power "to issue, amend, or rescind suitable procedural regulations to carry out the provisions of [subchapter 2000e]." 42 U.S.C. § 2000e–12(a). As such a regulation, Section 1601.28(a)(2) is valid if it is reasonably related to the purposes of Title VII. *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 115–16, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988); *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). The purpose of Title VII is to provide a remedy for discrimination in the workforce, and Section 1601.28(a)(2) serves this purpose by quickening the remedial process. Second, *Chevron* limits a Court's review to determining whether the regulation is a permissible construction of the statute. *Chevron*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). As the *Hicks* court found, the decades-long split among the courts of the Eastern District of Virginia, as well as the circuit courts, indicates that "reasonable minds can differ," *Hicks*, 1996 U.S. Dist. LEXIS 13754, at *9, over this issue and, therefore, the EEOC's interpretation does not do violence to Section 2000e–5(f)(1) to a degree which merits invalidating Section 1601.28(a)(2). In the absence of an explicit statutory prohibition of "early" right-to-sue letters, the balance of factors merits upholding the validity of Section 1601.28(a)(2).

### III.

The EEOC has wide latitude in which to pass regulations to carry out the provisions of subchapter 2000e. Under the limited review permitted by *Chevron*, the Court finds that Section 1601.28(a)(2) is a permissible construction of the statute and thus is valid.

Therefore, Ms. Marston properly pursued her claim upon receiving the early right-to-sue notice and the Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure is hereby DENIED.

An appropriate Order shall issue.