117 F.Supp.2d 919 (2000)
Vickie L. PRICE, Plaintiff,
v.
HARRAH'S MARYLAND HEIGHTS OPERATING COMPANY, Defendant.
No. 4:99 CV 1835 DDN.
United States District Court, E.D. Missouri, Eastern Division.
August 21, 2000.
*920 Steven M. Cohen, Berger and Cohen, Clayton, MO, Adam M. Goffstein, Antoniou and Goffstein, St. Louis, MO, for Vickie L. Price plaintiffs.
Jennifer L. Arendes, Valerie M. Davis, Armstrong Teasdale, LLP, St. Louis, MO, for Harrah's Maryland Heights Casino, L.L.C. dba Harrah's Maryland Heights, L.L.C., Harrah's Maryland Heights Corporation dba Harrah's St. Louis-Riverport dba Harrah's CasinoMaryland Heights, Harrah's Maryland Heights Operating Company, Harrah's Operating Company, Inc., defendants.

MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the court upon defendant's notice of partial motion to dismiss (Doc. No. 14) and the partial motion of defendant to dismiss the amended complaint (Doc. No. 24). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
Plaintiff Vickie Price commenced this action against her employer, Harrah's Maryland Heights Operating Company, alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. § 213.010, et seq. The complaint alleges four counts. Plaintiff alleges in Count I that defendant violated Title VII by discriminating against her based on her sex. Plaintiff alleges in Count II that defendant violated Title VII by retaliating against her for having complained about discrimination when it terminated her employment. Plaintiff alleges in Count III that defendant violated the MHRA by discriminating against her based on her sex. Plaintiff alleges in Count IV that defendant violated the MHRA by retaliating against her for having complained about discrimination when it terminated her employment.
Defendant partially moved to dismiss the Title VII retaliation claim in Count II and the MHRA retaliation claim in Count IV. Defendant did not move to dismiss plaintiff's Title VII claim on her MHRA claim law based on sex discrimination. See Def. Partial Motion, filed April 10, 2000 (Doc. No. 24).
*921 When ruling a motion to dismiss, the court must view the allegations in the complaint in the light most favorable to the plaintiff. Mauzy v. Mexico School District No. 59, 878 F.Supp. 153, 155 (E.D.Mo. 1995) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The court must accept the allegations in the complaint as true and "[d]ismissal is inappropriate `unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Breedlove v. Earthgrains Baking Companies, Inc., 140 F.3d 797, 798-99 (8th Cir.) (quoting McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir.1992)), cert. denied, 525 U.S. 921, 119 S.Ct. 276, 142 L.Ed.2d 228 (1998). Furthermore, under the liberal standards of notice pleading, see Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir.1993), the complainant need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. Pro. 8(a)(2).
Defendant argues that plaintiff may not litigate either retaliation claim because she did not allege either of them in her Equal Employment Opportunity Commission (EEOC) charge; therefore she failed to exhaust her administrative remedies. Plaintiff argues that she has exhausted her administrative remedies because she checked "yes" under the category of "Retaliation" in her EEOC questionnaire and that the allegations of her lawsuit are reasonably related to her EEOC charge.
In order to exhaust administrative remedies, an individual must timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge. 42 U.S.C. § 2000e-5(b), (c), (e). Exhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally. Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir.1988). The general rule in the Eighth Circuit is that "[a] plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." Wallin v. Minnesota Department of Corrections, 153 F.3d 681, 688 (8th Cir.1998) (quoting Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 222 (8th Cir.1994)), cert. denied, 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999).
The Eighth Circuit held in Williams that the district court had not erred when it granted summary judgment in favor of defendant on the plaintiff's discrimination claims because the plaintiff marked the box entitled `retaliation' and left the box marked `race' empty on her EEOC charge. Williams, 21 F.3d at 223. Plaintiff argues that Williams is inapposite to the instant case because her claims of retaliation are "like or reasonably related" to her claims of discrimination and that her administrative complaint. See Wallin, 153 F.3d at 688. In Williams, the plaintiff first filed a race discrimination charge with the EEOC in 1987. Id. at 221. She was issued a right to sue letter but opted not to sue her employer at that time. Id. In 1990, she filed a charge alleging only retaliation and filed a judicial complaint which also alleged race discrimination, arguing that her claims for discrimination were directly related to her claims for retaliation. Id. at 222. The court in Williams addressed this argument as follows:
Not only did Williams fail to check the box for race discrimination, her 1990 EEOC charge and supporting affidavit specifically and unambiguously alleged that Water Works retaliated against her because she had filed a charge with the EEOC in January 1987. The 1990 EEOC charge does not even hint of a claim of race discrimination. This amounts to more than a mere technicality and is the product of an unconstrained reading of Williams' charge.
Id. at 223.
The court has reviewed plaintiff's EEOC charge. In it, plaintiff only checked the box marked `sex,' leaving the `retaliation' box empty. See Pl. Exh. A. *922 Plaintiff also provided the particulars of her claim in the text of the charge. The court does not find any allegations of retaliation in plaintiff's statement. Rather, plaintiff alleges that one of her co-workers made sexual comments to her and that another co-worker harassed her by following her out to her car after work and calling her at home. See id. She also alleges that she reported the sexual harassment and was blamed for it, that she became ill because of her treatment on the job and that she was denied a leave of absence related to her illness. Id. The last part of plaintiff's charge provides as follows: "I believe I was discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended." Id.
The court does not agree with plaintiff's contention that Williams does not apply to this case. Furthermore, the Eighth Circuit has specifically held that "it is well established that retaliation claims are not reasonably related to underlying discrimination claims." Wallin, 153 F.3d at 688; Williams, 21 F.3d at 223. The court concludes that by not checking the `retaliation' box and by not specifically alleging retaliation in the text of her charge, plaintiff deprived the charged party with notice of the charge. See Williams 21 F.3d at 223.
Plaintiff also argues that in Section F of the questionnaire which she submitted to the EECO, she specifically checked `yes' under the category of `retaliation.' See Pl. Exh. C. Therefore, she argues, she placed the EEOC on notice of her retaliation claim. However, an intake questionnaire is not a charge. Also, the EEOC's findings in its determination does not show that it investigated a claim based on retaliation. See Pl. Exh. B.
Regarding plaintiff's MHRA retaliation claim in Count IV, "decisions under federal discrimination laws are authoritative under the MHRA as well has federal law, where the Missouri Supreme Court has not spoken on an issue." Vankempen v. McDonnell Douglas Corp., 923 F.Supp. 146, 149 (E.D.Mo.1996) (citing Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir.1994)); see also Keeney v. Hereford Concrete Products, Inc., 911 S.W.2d 622, 624 (Mo. banc 1995); Midstate Oil v. Missouri Comm'n on Human Rights, 679 S.W.2d 842, 846 (Mo. banc 1984). In Tart, the Eighth Circuit used federal law to decide whether a plaintiff's administrative remedies were exhausted. See Tart, 31 F.3d at 671. Therefore, this court will do the same.
For these reasons, the court will sustain defendant's partial motion to dismiss. Counts II and IV of the complaint, plaintiff's Title VII and MHRA retaliation claims, are dismissed. However, as defendant did not move to dismiss plaintiff's Title VII and MHRA sex discrimination claims, Counts I and III, she is still free to pursue them.
An appropriate order is issued herewith.