# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos.  00-3558/01-1030

_____

Alvin Dorsey, Jr.; James Greer; George    \*
Lewis; Cecil Isaac; William Blue;    \*
Vernon Gossett; Richard Camillo    \*
   \*
     Appellants,    \*
   \*    Appeals from the United States
     v.    \*    District Court for the Eastern
   \*    District of Missouri
Pinnacle Automation Company, doing    \*
business as Alvey, Inc.,    \*
   \*
     Appellee.    \*

_____

Submitted: November 12, 2001
Filed: January 29, 2002 (Corrected 2/6/02)

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
SMITH,[1] District Judge.

_____

SMITH, District Judge.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the
Western District of Missouri, sitting by designation.

Alvin Dorsey and six co-plaintiffs (Appellants) appeal from the district court's[2] grant of summary judgment in favor of Pinnacle Automation Company d/b/a Alvey, Inc. ("Alvey") on their disparate treatment claims under the Age Discrimination in Employment Act **("ADEA"),** 29 U.S.C. §§ 621-34 and the Missouri Human Rights Act ("MHRA"). Appellants also appeal the district court's award of attorney's fees. For the reasons discussed below, we affirm.

BACKGROUND

Appellants Alvin Dorsey, James Greer, George Lewis, Cecil Issac, William Blue, Vernon Gossett and Richard Camillo were shop employees of Alvey and, at the time of the challenged promotions, worked in four different departments: Material Handling, Electrical, Fabrication, and Final Assembly. This appeal involves seven separate promotion decisions made by Alvey between January 1996 and April 1999. Specifically, Appellants have challenged the following promotions: (1) Bryan Young, promoted in the Material Handling department on March 25, 1996 (2) Brenda Floerchinger, promoted in the Electrical department on September 8, 1997, (3) Levi Johnson, promoted in the Fabrication department on July 8, 1996, (4) Kevin Dexter, promoted in the Sub-Assembly department on December 15, 1997, (5) Stefan Stover, promoted in the Final Assembly department on January 29, 1996, (6) James Thorn, promoted in the Final Assembly department on December 8, 1997, and (7) Kalman Bihary, promoted in the Final Assembly department on April 12, 1999. Each of the above individuals was below the age of forty at the time of their particular promotion. All of the promotions, although in different departments, were to the position of leadperson. Leadpersons receive approximately fifty-cents ($.50) per hour more than the employees working under them.

---

[2]The Honorable Stephen N. Limbaugh, United States District Court for the Eastern District of Missouri.

On October 1, 1998, Appellants filed separate identical charges of discrimination, each alleging discrimination on the basis of age in violation of the ADEA and MHRA.   Each charge stated:

> I believe that I have been discriminated against on the basis of my age (over 40) in violation of the Age Discrimination in Employmnet Act and the Missouri Human Rights Act because younger (under 40) second tier employees that have considerably less seniority are consistently receiving wage increases greater than myself and all other similarly situated first tier, more senior, over 40 employees.

Appellants later filed a complaint in the district court, alleging violations of the ADEA and state law.   On September 15, 2000, the district court granted Alvey's motion for summary judgment on all of the Appellants' ADEA claims.   The court held that Appellants failed to file timely charges of discrimination with the EEOC for many of the challenged promotions and that the claims not barred by the statute of limitations lacked merit.  The district court further held that Appellants failed to exhaust their administrative remedies with regard to their hostile work environment claims.  Later, on November 28, 2000, the district court granted Respondent's motion for attorneys' fees.  Appellants appeal, contending that summary judgment and the grant of attorneys' fees was improper.

## DISCUSSION

We review a grant of summary judgment *de novo*.   We apply the same standard as the district court and determine whether the record shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law.  See Breeding v. Arthur J. Gallagher & Co., 164 F.3d 1151, 1156 (8th Cir. 1999); Fed .R. Civ. P. 56(c).   We construe the factual record and all reasonable inferences from the record in the light most favorable to the party opposing summary judgment.  See  Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir.1995).

I.

We agree with the district court that Appellants' claims regarding several of Alvey's promotional decisions are time barred under the ADEA and MHRA. The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Protection under the ADEA extends to persons age forty and older. 29 U.S.C. § 631. The ADEA requires the filing of an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the act of discrimination, and the MHRA requires filing with the Missouri Commission on Human Rights within 180 days of the discriminatory act. 29 U.S.C. § 626(d)(2), Mo. Rev. Stat. § 213.075(1). Appellants filed their charges of discrimination on October 1, 1998. They challenge promotion decisions made by Alvey between January, 1996 and April, 1999. Applying the respective statutes of limitations, Plaintiff's claims for discriminatory acts that occurred prior to December 5, 1997 are time barred by the ADEA and claims for discriminatory acts that occurred prior to April 4, 1998 are time barred under the MHRA.

Appellants argue that the district court should have applied either the doctrine of equitable tolling or equitable estoppel to the 300 day limitations period under the ADEA. "The filing of a timely charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court." Rather, it is a condition precedent and, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982). This Court recently differentiated between the concepts of equitable estoppel and equitable tolling in Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1327-28 (8th Cir.1995).

The doctrine of equitable estoppel comes into play when "the employee's failure to file in a timely fashion is the consequence of either a deliberate design

by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Dring, 58 F.3d at 1329 (quoting Kriegesmann v. Barry-Wehmiller Co., 739 F.2d 357, 358-59 (8th Cir. 1984)). The doctrine of equitable estoppel is invoked when a plaintiff is aware of his ADEA cause of action, but is "lulled or tricked into letting the EEOC filing deadline pass because of some employer misconduct." Dring, 58 F.3d at 1329. Outside of Appellants' contention that Alvey failed to communicate the leadperson promotions, they have presented no evidence of wrongdoing or misconduct on the part of Alvey. Moreover, to successfully apply the doctrine of equitable estoppel, Appellants must have been aware of a possible ADEA violation. Here, Appellants argue that they were not aware of a possible ADEA violation because Alvey failed to communicate the promotions and they were not aware that they had been passed over for promotion until well within the limitations period. Since Appellants did not know of Alvey's possible ADEA violation, it is impossible that they were "lulled" or "tricked" into not pursuing their rights. Equitable estoppel is not a proper basis for tolling the statute of limitations.

The doctrine of equitable tolling is appropriately applied "when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim." Id. at 1328 (quoting Chakonas v. City of Chicago, 42 F.3d 1132, 1135 (7th Cir. 1994)). When applying this doctrine, a court must determine "whether a reasonable person in the plaintiff's position would have been aware" of promotions to leadperson. Dring, 58 F.3d 1329. Appellants argue that they did not know of the promotions because the leadperson promotions and position openings were never posted or otherwise communicated to them and the challenged lead persons' job duties were never changed to demonstrate that they had been promoted. However, Appellants have stated in their affidavits that they heard rumors that younger people were promoted to leadperson, but still took no action. If Appellants had suspicions they should have exercised due diligence, in which case they would have easily confirmed the promotions. Likewise, in some

cases, Appellants were aware that certain positions of leadperson had been vacant for a significant period of time, yet they did not inquire whether the opening had been filled. Again, Appellants should have asked whether the position had been filled and by whom. In this case, a reasonable person in Appellants' positions would have been aware of the promotions.

We hold therefore that Appellants' charges of discrimination are not subject to equitable estoppel or equitable tolling and the statute of limitations began to run as of the date of the promotions. Appellants are not entitled to relief for any employment decisions made before December 5, 1997 as they are barred by the 300-day statute of limitations under the ADEA, nor any claims before April 4, 1998 which are barred by the MHRA. Thus, Appellants claims as to the promotions of Stover, Johnson, Young and Floerchinger under ADEA are time barred. Likewise, Appellants' claims regarding the promotions of Stover, Johnson, Young, Floerchinger, Thorn and Dexter are time barred under MHRA. Remaining are the ADEA claims challenging the promotions of Thorn, Dexter and Bihary and the MHRA claim challenging the promotion of Bihary.

As to Appellants' timely claims, they have failed to show that Alvey's reason for not promoting them was pretextual or created a reasonable inference that age was a determinative factor in Alvey's employment decision. Appellants have the burden of establishing a prima facie case of age discrimination for Alvey's failure to promote under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Under this framework, a plaintiff must establish a prima facie case of discrimination by showing (1) he was a member of the protected age group; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he was not promoted; and (4) he was replaced by a younger person. Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). If the plaintiff can make out a prima facie case, the burden shifts to the defendant to articulate a legitimate reason for the adverse employment action. Id. If the defendant puts forth such a reason, the plaintiff must then present sufficient evidence to (1) raise a question of fact as to whether defendant's

proffered reason was pretextual and (2) create a reasonable inference that age was a determinative factor in the decision not to promote him.  Id.  We apply this analysis to Appellants' Missouri Human Rights Act age discrimination claims as well as their federal claims. Denesha v. Farmers Ins. Exchange, 161 F.3d 491, 497 (8th Cir. 1998).

We agree with the district court that Appellants have established a prima facie case of discrimination.  Likewise, Alvey has advanced legitimate reasons for its decision not to promote Appellants.  The Court will now determine whether Alvey's proffered legitimate reasons for its promotional decisions were pretextual.

James Thorn's promotion is challenged by Appellants Dorsey, Isaac and Blue.  Thorn was promoted to leadperson in the Prepare-to-Ship Cell of the Final Assembly Department by Charles Crawford, Final Assembly Supervisor.  Crawford stated in his affidavit that he did not consider Dorsey or Blue for the leadperson position because they did not work in the Prepare-to-Ship Cell.  He further explained that he did not consider Isaac for the position because he did not show  "Thorn's initiative and, at best, he is an average employee."  Although Appellants have provided affidavits by other employees stating that, in fact, Thorn was less qualified for the position than Isaac, Dorsey or Blue, they have provided nothing to demonstrate that Crawford's decision was anything more than misguided.   Courts do not sit as super-personnel departments to second-guess the business decisions of employers.  Wiling v. County of Ramsey, 153 F.3d 869, 873 (8th Cir. 1998).  The threshold question when considering pretext is whether Alvey's reasons for its employment actions are true, not if they are wise, fair or correct.  Id.  Here, Appellants have presented no evidence to show that Crawford's proffered reasoning was not the true motivation behind his decision or that his true reason for not promoting Dorsey, Isaac or Blue was discriminatory.  Appellants cannot survive summary judgment upon such a limited showing.

The next challenged promotion occurred on December 15, 1997 when Kevin Dexter was promoted to the first-shift leadperson in the Sub-Assembly Department.  Dexter's promotion is challenged only by Isaac.   During her

deposition, Manager Sharon Ferrell testified that, although she was not sure who actually told Dexter that he was being promoted she and Supervisor Dave Moynihan jointly made the decision to promote Dexter. Ferrell indicated that she chose to promote Dexter based on Moynihan's recommendation and her belief that he was an "extremely good" employee. Again, Appellants have presented no evidence to show that Ferrell's articulated reasons for promoting Dexter are not true. Appellants argue that Ferrell was not familiar with Dexter's performance and was not qualified to select the leadperson, but the fact that she may not have been the best person to make the promotion decision does not cause the Court to question the veracity of her proffered reason for Dexter's promotion. Moreover, Appellants' argument overlooks the fact that Ferrell sought input from persons before making a decision.

Finally, Kalman Bihary was promoted to leadperson on second shift in the final Assembly Department on April 12, 1999. Bihary's promotion is challenged by Appellants Dorsey, Isaac and Blue. Sharon Ferrell promoted Bihary and stated that she did so because he had an engineering degree, was an excellent worker and was highly recommended by the resigning second-shift supervisor. She also indicated that she did not consider Dorsey, Isaac or Blue because they did not work on the second shift. Appellants contend that Ferrell's articulated reason is pretextual because Alvey has easily transferred employees between shifts in order to facilitate their promotion to leadperson. However, when considering pretext, the question is not whether her decision to consider only second-shift employees was misguided, but rather whether her articulated reason is untrue and a pretext for discrimination. Here, the fact that Ferrell could have and in the past did consider first shift employees for promotion to the second shift is not enough to demonstrate that her decision to promote only from within the second shift employees is a pretext for discrimination.

Appellants also refer to a 1995 meeting as evidence of pretext. This meeting was led by former supervisor Scott Johnson and Human Resources employees Chris Devine and Steve Isenhower. Although approximately ten

employees were at the meeting, the only Appellants who attended were Isaac and Camillo.  Isaac and Camillo's versions of what was said at the meeting differ slightly, but both agree that Chris Devine told them that the company was being run like it was stuck in the 40s and that she was going to bring them at least to the 70s.  Isaac also states that Devine called them a "bunch of old heads" and that they were the "old bunch."   However, as far as the challenged Thorn, Dexter and Bihary promotions are concerned, none of the individuals leading the 1995 meeting were responsible for or involved in making the challenged promotion decisions.   The 1995 meeting is not enough to establish pretext with respect to the Thorn, Dexter and Bihary promotions.

## II.

Appellants also argue that the district court improperly dismissed their claim that the promotions of younger persons created a hostile workplace.  Before proceeding with a claim of hostile workplace discrimination, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission.  Appellants have failed to exhaust their administrative remedies; thus, their claim for hostile workplace discrimination is denied.

A plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge."  Nichols, 154 F.3d at 886-87.   To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation.  Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir.1988). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an

initial failure to file a timely EEOC charge." <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 223 (8th Cir.1994) (quotations omitted). Therefore, "[t]he breadth of the civil suit is . . . as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." <u>Stuart v. General Motors</u> 217 F.3d 621, 630-31 (8th Cir. 2000).

In this case, Appellants' claims for age discrimination based on the failure to promote presented in their charge of discrimination is not broad enough to encompass hostile work environment claims. <u>See</u> <u>Tart v. Hill Behan Lumber Co.</u>, 31 F.3d 668, 671 (8th Cir. 1994) (holding that harassment claims were not like or reasonably related to plaintiff's discriminatory discharge claim alleged in the charge of discrimination). Here, the decisions not to promote Appellants was a discrete event completed at the time of the promotions. On the other hand, "a claim of racial harassment in the workplace focuses on the pervasiveness of the racially discriminatory conduct and also the employer's possible knowledge of that conduct and failure to take remedial action." <u>Id.</u> at 672. The promotions are not like or reasonably related to Appellants allegations of the harassment that occurred throughout their employment. The district court properly granted summary judgment on Appellants' claims for harassment.

III.

Finally, Appellants appeal the district court's order dated November 28, 2000 granting in part Respondent's motion for attorneys' fees and costs and finding that Eric Nettles' and Tony Williams' claims of discrimination were frivolous and brought in bad faith. In its order, the district court generally concluded that Appellants' claims were not frivolous and thus not subject to an award of attorneys' fees. The district court then specifically excepted the claims of Williams and Nettles from its prior holding when it stated, " [t]he Court, however, does find that claims brought by Williams and Nettles were both frivolous and brought in bad faith" and ordered Appellants to pay Defendant for

-10-

attorney's fees incurred by defendant in its defense of Williams' and Nettles' frivolous claims.  Although the district court generally orders "Plaintiffs to pay Defendant," the court does not require all Appellants to pay the fees.  The court's general reference to "Plaintiffs" is limited to Williams and Nettles.

Appellants Dorsey, Greer, Blue, Issac, Camillo, Gossett and Lewis appeal this order awarding attorneys' fees.  Williams and Nettles do not join in this appeal.  The language of the district court's order limits the award of attorneys fees to the claims of Williams and Nettles - and only Williams and Nettles have standing to dispute this award.   Here, Appellants are attempting to appeal an order that does not apply to them.  On this basis, we affirm the district court's award of attorneys' fees.

## CONCLUSION

Based upon the foregoing discussion, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.