229 F.Supp.2d 945 (2002)
Farida HABIB-STEVENS, Plaintiff,
v.
TRANS STATES AIRLINES, INC., Defendant.
No. 4:02CV328-DJS.
United States District Court, E.D. Missouri, Eastern Division.
October 31, 2002.
Kristin F. Whittle, Whittle Law Office, St. Louis, MO, for Plaintiff.
James N. Foster, Jr., Partner, William B. Jones, McMahon and Berger, David J.A. Hayes, III, Trans States Airlines, Inc., St. Louis, MO, for Defendant.

ORDER
STOHR, District Judge.
This matter comes before the Court on defendant's motion to dismiss Count V of plaintiff's first amended complaint [Doc. # 16]. Plaintiff, who was employed by defendant as a flight attendant, alleges in Count V that defendant denied plaintiff reasonable accommodations in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Defendant asserts that plaintiff failed to exhaust her administrative remedies as to Count V because Count V "is not like or related to any of the allegations made by Plaintiff in her Charge of Discrimination." Motion to Dismiss, p.1.
The Court may dismiss a complaint "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir.1995)(quotation marks and citations omitted). See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must view the allegations in the complaint in the light most *946 favorable to the nonmoving party. Johnson v. Minneapolis, 152 F.3d 859, 861 (8th Cir.1998), cert. denied, 525 U.S. 1142, 119 S.Ct. 1035, 143 L.Ed.2d 43 (1999).
Prior to filing a civil action, a claimant must assert her discrimination claims in a charge filed with the EEOC and receive a "right to sue" letter. See 42 U.S.C. § 2000e-5; Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir.1996); Gardner v. Morris, 752 F.2d 1271, 1278-79 n. 7 (8th Cir.1985). When this procedure is completed, the exhaustion requirement is satisfied for the allegations asserted in the administrative charge, as well as for allegations "like or reasonably related" to those asserted in the administrative charge. Shannon, 72 F.3d at 684.
Plaintiff filed her charge of discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). As a threshold matter, plaintiff contends that her charge questionnaire, which was filed simultaneously with her charge of discrimination, "contained Plaintiff's claims of disability discrimination [and] the EEOC's investigation could reasonably cause them to investigate her claims of disability discrimination...." Memo. in Opp., p.2. Plaintiff asserts that she was acting pro se when she filed her charge and does not suggest that anyone else drafted the charge.
The charge questionnaire is not construed as the charge of discrimination when the complainant has signed and submitted an actual charge. "Under the statute ... it is the charge rather than the questionnaire that matters. Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation." Novitsky v. American Consulting Engineers, L.L.C., 196 F.3d 699, 702 (7th Cir.1999)(citing 42 U.S.C. § 2000e-5(b); Perkins v. Silverstein, 939 F.2d 463, 470 (7th Cir.1991)). See also Price v. Harrah's Maryland Heights Operating Co., 117 F.Supp.2d 919, 922 (E.D.Mo.2000)("[A]n intake questionnaire is not a charge."). Cf. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1102 (9th Cir.2002)(finding that if a deficiency in a charge is the result of an EEOC representative's negligence, then the questionnaire may be presented as evidence that the claim for relief was administratively exhausted). Based on the authority cited above, the Court will not consider plaintiff's charge questionnaire in determining the scope of her charge of discrimination.
The Court must next examine plaintiff's charge of discrimination to determine whether disability discrimination is alleged. Defendant asserts that plaintiff's charge only asserts discrimination claims based on race, color, sex, religion, national origin, and retaliation. According to defendant, "Plaintiff did not allege that she had a disability or impairment, that Defendant failed to accommodate such an impairment or disability, nor did she allege[] that Defendant perceived her as having such an impairment." Memo. in Support, p.2. In her charge, plaintiff checked boxes for "Cause of Discrimination Based On" race, color, sex, religion, national origin, and retaliation. No box is provided on the form for disability, and plaintiff did not check the "other" box. The particulars stated in the charge are as follows:
I was employed by TranStates Airlines from October 5, '92 through December 26[,] 2000 as a flight attendant. I was terminated allegedly because I was physically unable to perform within my job position. However, I believe that this stated reason is a pretext. I am from Pakistan, have dark coloring, and actively practice the religion of Islam. I believe that my termination resulted from my national origin, color, sex and religion. I further believe I was the victim of retaliation for objecting to continuing *947 harassment by reason of my national origin, gender and religion. I was subjected to continuous ridicule on these subjects, and I told supervisory personnel I did not like it.
Other employees have been treated differently. Employees with actual disabilities were provided with new positions within their capabilities. Although I was not actually unable to perform my duties, I was terminated for that reason. I was offered no viable opportunity to remain employed.
Memo. in Support, Exh. A; Memo. in Opp., Exh. 1.
"Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir.2002)(quotation marks and citation omitted). "A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Id. (quotation marks and citation omitted). "To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation." Id. (citation omitted). "[T]he breadth of the civil suit is ... as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." Id. (quotation marks and citation omitted). "[M]ere vagueness in a pro se claim should not sound the death knell for the plaintiff's discrimination allegation." Shannon, 72 F.3d at 685 (quotation marks and citation omitted). "[T]here is a difference between liberally reading a [pro se] claim which `lacks specificity' and inventing ... a claim which simply was not made." Id. (citation omitted).
Count V of plaintiff's first amended complaint alleges that defendant was a qualified individual with a disability and that defendant "discriminated against [plaintiff] in violation of the [ADA] by failing to make reasonable accommodations to her known physical limitations in direct violation of [the ADA]." First Amended Complaint, pp.9-10. In Count V, which is entitled "Failure to Accommodate Disability in Violation of the [ADA]," plaintiff asserts only that she was denied reasonable accommodations, not that her employment was terminated in violation of the ADA.[1] The question before the Court is whether plaintiff's assertions in her charge are like or reasonably related to her allegation in the complaint that she was a qualified individual with a disability who was denied reasonable accommodations.
"Disability" is defined in the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2). First, nowhere in the charge does plaintiff assert that she is in fact disabled." Seemingly to the contrary, the language of the charge suggests plaintiff distinguishes herself from "[e]mployees with actual disabilities." The Court finds that plaintiff clearly does *948 not assert in her charge of discrimination that she had a physical or mental impairment that substantially limited one or more of her major life activities or that she had a record of such an impairment. Therefore, plaintiff has failed to exhaust her administrative remedies pursuant to § 12102(2)(A) and (B). Second, pursuant to § 12102(2)(C), the Eighth Circuit has held that "`regarded as' disabled plaintiffs are not entitled to reasonable accommodations." Weber v. Strippit, Inc., 186 F.3d 907, 917 (8th Cir.1999), cert. denied, 528 U.S. 1078, 120 S.Ct. 794, 145 L.Ed.2d 670 (2000). Therefore, to the extent plaintiff may have exhausted her administrative remedies as to a perceived disability, her failure to accommodate claim would nonetheless fail as a matter of law. Accordingly, plaintiff has failed to state a claim upon which relief can be granted in Count V of her first amended complaint.
For the foregoing reasons,
IT IS HEREBY ORDERED that defendant's motion to dismiss Count V of plaintiff's first amended complaint [Doc. # 16] is granted.
NOTES
[1] In Count VIII, plaintiff's retaliation and wrongful discharge claim, she asserts that "[o]n December 22, 2000, Defendant terminated Plaintiff" and that "[t]he exclusive cause of such firing was Plaintiff's filing of the Workers' Compensation claim and/or exercise of her rights under the Missouri Workers' Compensation Act...." First Amended Complaint, p.16 (emphasis added).