United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 06-20813
Summary Calendar

—————————————

RITA H GATES,

Plaintiff-Appellant,

v.

LYONDELL PETROCHEMICAL COMPANY,

Defendant-Appellee.

————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2634

————————————————————————————

Before REAVLEY, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Rita H. Gates ("Gates") appeals the district court's grant of summary

judgment for the defendant-appellee Lyondell Petrochemical Company ("Lyondell"). We review

*de novo*, and affirm for the reasons that follow:

1. The district court properly held that Gates did not exhaust her disparate impact,

unequal pay, and hostile environment claims because such claims could not be reasonably

expected to grow out of her EEOC charge. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455,

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

466 (5th Cir. 1970).  Gates's hostile environment and unequal pay claims could not be expected to grow out of her EEOC discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment or unequal pay.  *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838–39 (8th Cir. 2002) (hostile environment claim did not arise out of charges of discrete act of failure to promote based on age discrimination); *Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 537–38 (S.D. Tex. 1999), *aff'd*, 224 F.3d 765 (5th Cir. 2000) (unequal pay claim did not arise out of charges of racial and sexual discrimination).  Similarly, Gates alleged only disparate treatment towards herself in her EEOC discrimination charge, and failed to identify any facially neutral employment policy which would have an adverse impact on a protected class.  Thus, a disparate impact claim could not reasonably be expected to grow out of her EEOC charge.  *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006).

2.  Gates's failure to promote claim also fails.  In order to establish a prima facie case of age discrimination involving a failure to promote, a plaintiff must demonstrate that (1) she was not promoted; (2) she was qualified for the position she sought; (3) she was a member of the protected class at the time of the failure to promote; and (4) either i) the position she sought was filled by someone from outside the protected class; ii) the position was filled by someone younger; or iii) she was otherwise not promoted because of her age.  *Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1060 (5th Cir. 1998).  Once a prima facie case has been established, an inference of unlawful discrimination is raised, and the burden shifts to the defendant to demonstrate a legitimate reason for the challenged action.  *Id.*  The plaintiff may then show that the defendant's articulated reason was a pretext for discrimination.  *Id.*

Gates has failed to establish that she was qualified for the positions she sought. In her deposition testimony, she conceded a lack of experience in respect to the two buying positions and showed little knowledge of the descriptions and requirements for any of the positions. Furthermore, Gates has failed to rebut Lyondell's evidence showing that she was not promoted because she lacked minimum qualifications for the three positions she sought. Thus, the district court correctly granted summary judgment as to Gates's failure to promote claims.

3.    Furthermore, in a work rule violation case such as this one, "a Title VII plaintiff may establish a prima facie case by showing either that he did not violate the rule or that, if he did . . . employees who engaged in similar acts were not punished similarly." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995). In this case, Gates claims that other employees have also falsified their time logs, but she has demonstrated neither that the management knew of those other alleged falsifications, nor that other employees lied, as Gates apparently did, during an investigation of their conduct. Gates has not shown that other similarly-situated employees were treated differently, and therefore her claim fails.

AFFIRMED.