# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2007

Charles R. Fulbruge III
Clerk

No. 07-60231
Summary Calendar

RONNIE HEROD,

Plaintiff - Appellant,

v.

JOHN E. POTTER, Postmaster General and Chief Executive Officer of the
United States Postal Service,

Defendant - Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CV-128

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ronnie Herod appeals the district court's dismissal of his employment discrimination action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Herod also appeals the district court's dismissal of his case pursuant to Rule 12(b)(6) for failure to state a claim. The district court, however, relied solely on Rule 12(b)(1) in dismissing the case.

Herod, a 47 year old white male, was employed by the United States Postal Service ("USPS") as a city letter carrier from March 1998 until April 8, 2005 when he was terminated for allegedly making a false report about a physical assault and soliciting a false statement from a postal customer. He appealed his dismissal to the Merits System Protection Board ("MSPB") on April 29, 2005, challenging his termination and alleging that his termination was based on race, sex, and retaliation. On that same day, he also sought Equal Employment Opportunity ("EEO") counseling regarding his termination.

On May 31, 2005, Herod moved to dismiss his MSPB appeal with prejudice because he had elected to have his case heard before an arbitrator. The MSPB granted his voluntary dismissal, with prejudice, on June 6, 2005. About a month later, on July 8, 2005, Herod filed a formal EEO complaint, again challenging his termination, this time alleging his termination was based on race, sex, retaliation, and—for the first time—age under the Age Discrimination in Employment Act ("ADEA"). On August 25, 2005, because Herod had initially challenged his termination on appeal to the MSPB, the USPS dismissed Herod's EEO complaint, citing 29 C.F.R. § 1614.107(a)(4)[2] and § 1614.302(b).[3] The USPS also determined that Herod's voluntary dismissal of his MSPB appeal did not negate his election to pursue an appeal through the MSPB forum.

---

[2] Section 1614.107(a)(4) provides in relevant part that "the agency shall dismiss an entire complaint . . . [w]here the complainant has raised the matter in an appeal to the Merits System Protection Board and § 1614.301 or § 1614.302 indicates that the complainant has elected to pursue the non-EEO process . . . ."

[3] Section 1614.302(b) provides in relevant part:

An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB . . . but not both. . . . The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.

Herod appealed the decision of the USPS to the EEOC's Office of Federal Operations, which affirmed the USPS decision on March 6, 2006. Herod then filed this action, asserting all of the claims in his EEO complaint, in addition to a new claim for hostile work environment.

The district court dismissed Herod's case for lack of subject matter jurisdiction concluding that Herod's voluntary dismissal of his appeal to the MSPB constituted a failure to exhaust his administrative remedies. We review the district court's dismissal for lack of subject matter jurisdiction de novo. See Herbert v. United States, 53 F.3d 720, 722 (5th Cir. 1995).

Herod does not argue that he in fact exhausted his administrative remedies. Herod also has waived any challenge to the district court's conclusion that Herod's voluntary dismissal of his MSPB appeal constituted a failure to exhaust administrative remedies.[4]    Instead, apart from an independent argument with respect to his ADEA claim, Herod's only argument is that his failure to exhaust should be excused for equitable reasons. In essence, Herod argues that the USPS should be estopped from asserting lack of exhaustion as a bar to relief because any lack of exhaustion resulted only from the USPS's failure adequately to advise Herod of the consequences of proceeding—or, for that matter, not proceeding—in the various fora for airing his complaints.

However, Herod glosses over the fact that, as a result of his failure to exhaust, the district court dismissed his case for lack of subject matter jurisdiction. Subject matter jurisdiction involves a court's power to hear a case and therefore cannot be forfeited or waived. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Where a court's federal subject matter jurisdiction is

---

[4] Although Herod states in his "Summary of Argument" that the district court erred in concluding that the voluntary dismissal of his MSPB appeal constitutes a failure to exhaust administrative remedies, he does not argue the point in the body of his brief, and therefore we deem the argument waived. See United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

implicated, "the concepts of equity, waiver, and estoppel are inapplicable." In re Carter, 618 F.2d 1093, 1100 (5th Cir. 1980).

Herod does not address the district court's conclusion that it lacked subject matter jurisdiction. Instead, he ignores this critical issue and proceeds directly to his argument on the equities. Herod offers no meaningful argument why these equitable considerations should even be addressed in light of the district court's conclusion that it lacked subject matter jurisdiction. Because Herod fails to argue that the district court erred in dismissing his case for lack of subject matter jurisdiction, he has waived the argument. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) ("[O]nly the issues presented and argued in the brief are addressed."). Consequently, Herod's argument based on equity necessarily fails because equity is inapplicable where subject matter jurisdiction is implicated.[5]

Turning to his ADEA claim, Herod argues that he was not required to pursue administrative remedies prior to filing his ADEA claim in federal court, as long as he properly noticed the EEOC. However, having chosen to pursue an administrative remedy for his ADEA claim, Herod was required to "see it through to the end." Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990). Herod has not shown that he did so. Moreover, pursuant to 29 C.F.R. § 1614.201(a), at least thirty days prior to filing an ADEA claim in federal district court, an aggrieved individual must file "notice of the intent to file such an action" with the EEOC in writing and at a specific address. Herod has failed to show that he complied with this notice requirement. Herod, therefore, has not established a basis to proceed solely on his ADEA claim.

---

[5] This court has stated that it has not resolved the issue of whether failure to exhaust administrative remedies constitutes a jurisdictional bar. See Pacheco v. Mineta, 448 F.3d 783, 788 n.7 (5th Cir. 2006) ("There is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction."). Because we conclude that Herod has waived any challenge to the district court's conclusion that it lacked subject matter jurisdiction, we need not—and do not—resolve this issue.

For these reasons, we AFFIRM.

AFFIRMED