IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-60532
Summary Calendar

JAMES HILL, D.O.

Plaintiff - Appellant

v.

DEPARTMENT OF VETERANS AFFAIRS, GORDON H MANSFIELD,
ACTING SECRETARY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CV-243

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dr. James Hill ("Hill"), formerly employed at the Veterans Administration Hospital in Biloxi, Mississippi (the "Hospital"), brought this age discrimination action against the Secretary of the U.S. Department of Veterans Affairs (the "Secretary"). Hill appeals the district court's grant of summary judgment in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favor of the Secretary on his disparate treatment claim, and the dismissal of his hostile work environment claim. For the following reasons, we affirm.

I. FACTS AND PROCEEDINGS

Hill was born in 1935. From 1994 to 2004, he was employed by the Hospital as a licensed osteopath. Every two years, each physician's privileges to practice at the Hospital came up for renewal; Hill's privileges were scheduled to be renewed in March 2004. However, four months earlier, the Hospital had launched an extensive peer review program designed to evaluate the quality of patient care provided by each member of the medical staff. Dr. C. Diane Knight, Hill's direct supervisor, informed Hill that the peer review program had revealed certain areas of concern regarding the quality of his patient care, including his use of potentially harmful medications. Accordingly, she told him that his privileges would be renewed for ninety days rather than the standard two years, pending further review of his patient charts.

When the ninety-day renewal of Hill's privileges expired, he was placed on involuntary paid leave pending formal review of his performance. In September 2004, Hill received a notice that his privileges were being revoked, giving him fourteen days to respond to a list of allegations regarding his patient care. He allegedly requested copies of the relevant clinical records from the Hospital but did not receive them in time to prepare an adequate response to these allegations. Eventually, Hill resigned from the Hospital before a final decision was made regarding his formal discharge. He testified that he expected to be terminated and chose to resign in order to keep his insurance benefits.

In September 2004, Hill filed administrative charges of age discrimination with the Department of Veterans Affairs (the "Department"). After a formal investigation of the charges, the Department's Office of Employment Discrimination Complaint Adjudication issued a Final Agency Decision in December 2005 that found no discrimination. In March 2006, Hill commenced

this civil action against the Secretary, alleging "disparate treatment" and "hostile work environment"—both based on age. The district court granted the Secretary's motion for summary judgment on Hill's disparate treatment claim. It later dismissed Hill's hostile work environment claim for failure to exhaust administrative remedies. Hill appeals both holdings.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment on Hill's disparate treatment claim de novo. See Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "We consider the evidence in a light most favorable to [Hill], the non-movant, but [he] must point to evidence showing that there is a genuine fact issue for trial" to survive summary judgment. Richardson, 434 F.3d at 332.

We also review de novo the district court's dismissal of Hill's hostile work environment claim. See Ballard v. Wall, 413 F.3d 510, 514 (5th Cir. 2005). "All of the plaintiff's allegations must be accepted as true, and the dismissal will be affirmed only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. at 514–515 (internal quotation marks omitted).

## III. DISCUSSION

A. Hill's Disparate Treatment Claim

The complaint alleges that Hill was forced to resign by the Hospital because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"). See 29 U.S.C. § 623(a)(1) ("It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's age."). The district court granted summary judgment in favor of the Secretary on Hill's disparate treatment claim, finding that Hill had produced no evidence of age discrimination. On appeal, Hill argues that summary judgment was improper because he has presented both direct and circumstantial evidence of the Hospital's discriminatory animus. See Berquist v. Wash. Mut. Bank, 500 F.3d 344, 349 (5th Cir. 2007) (noting that a plaintiff can demonstrate age discrimination through either direct or circumstantial evidence of discriminatory animus).

Hill contends that he submitted direct evidence of discriminatory animus in the form of remarks by his superiors that he "should just retire" during the meeting at which he was placed on leave. In its summary judgment order, the district court noted that it was unable to locate in the record any testimony or other evidence that Hill was ever told that he "should just retire"—and Hill's brief to this court still fails to identify the relevant evidence in the record. Nevertheless, even assuming that the evidence exists, this court has previously held that a suggestion that an employee retire does not constitute direct evidence of discriminatory animus because there is no "necessary" link between retirement and age. Martin v. Bayland Inc., 181 F. App'x 422, 423–24 (5th Cir. 2006).

Alternatively, Hill argues that he has presented sufficient circumstantial evidence of discriminatory animus to survive summary judgment. An ADEA plaintiff can establish a prima facie case of age discrimination based on circumstantial evidence by showing that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." Berquist, 500 F.3d at 349. As to the first element, the Secretary disputes Hill's claim that he was "constructively discharged" because he was essentially

forced to resign in order to preserve his medical insurance coverage. We need not decide whether this case warrants application of the "constructive discharge" doctrine however, because Hill has clearly not satisfied the fourth element of his prima facie case.

Hill does not allege that he was replaced by someone outside the protected class or younger than him, nor has he properly shown that he was discharged because of his age. Hill relies on statements allegedly made to him by two of his colleagues, who informed him that he was on a "hitlist of older, experienced physicians that the administration wanted out." However, we agree with the district court that these statements are inadmissible hearsay that cannot be used to oppose summary judgment. Hill has presented no evidence that his two colleagues were involved in employment decisions concerning him; these statements therefore do not fall within the party opponent exception under Federal Rule of Evidence 801(d)(2)(D). See Ramirez v. Gonzales, 225 F. App'x 203, 210 (5th Cir. 2007).

Finally, Hill purports to present other circumstantial evidence of age discrimination, including the termination of another senior physician after a similar peer review process. This evidence is not before us, as it was not presented to the district court in the proceedings below. See, e.g., Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir.1994) (noting that it is not the duty of this court or the district court to "sift through the record in search of evidence to support a party's opposition to summary judgment"). Accordingly, Hill has failed to establish a prima facie case of age discrimination, and the district court properly granted summary judgment on his age-based disparate treatment claim.

## B. Hill's Hostile Work Environment Claim

Hill argues that the district court erred in dismissing his hostile work environment claim for failure to exhaust administrative remedies. Prior to

initiating this suit in federal court, Hill had filed an administrative complaint with the Department, claiming age discrimination with respect to the non-renewal of his clinical privileges and his placement on involuntary leave. He later amended this administrative complaint to include a claim for forced retirement and constructive discharge, but did not add a hostile work environment claim.

An ADEA plaintiff who, like Hill, "chooses to pursue an administrative remedy, . . . must see it through to the end." Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990) (holding that a former postal employee who files an administrative complaint against the postal service alleging sexual harassment must exhaust her administrative remedies before commencing an action in federal court); see also Herod v. Potter, 255 F. App'x 894, 896 (5th Cir. 2007) (applying requirement of exhaustion of administrative remedies to federal employee alleging ADEA claim). Therefore, Hill was required to exhaust his administrative remedies with respect to all claims before filing a civil action. When a claim was not formally raised in the administrative proceedings, the exhaustion requirement may still be satisfied as long as an administrative investigation of the claim not raised could "reasonably be expected to grow out of" the charges actually raised. Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006) (quotation omitted).

We examine a hostile work environment claim under a "totality-of-the-circumstances test that focuses on the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating[;] and whether it unreasonably interferes with an employee's work performance." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 347 (5th Cir. 2007) (quotation and alterations omitted). Hill's administrative charges only alleged three specific discriminatory events—the non-renewal of Hill's clinical privileges, the decision to place Hill on administrative leave, and his

"constructive discharge." We agree with the district court that an investigation concerning the existence of a hostile work environment would not "reasonably be expected to grow out of" these allegations of discrete acts of discrimination. See Gates v. Lyondell Petrochemical Co., 227 F. App'x 409, 409 (5th Cir. 2007) (holding that the plaintiff's "hostile environment . . . claim[] could not be expected to grow out of her [administrative] discrimination charge when she charged only her employer's discrete acts in terminating and failing to promote her, and made no mention of a hostile work environment"). Accordingly, the district court properly dismissed Hill's hostile work environment claim for failure to exhaust administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.